[No. F029624. Fifth Dist. Sept. 4, 1998.]

In re CHARMICE G., a Person Coming Under the Juvenile Court Law.
STANISLAUS COUNTY DEPARTMENT OF SOCIAL SERVICES,
Plaintiff and Respondent, v.
SONYA G., Defendant and Appellant.

## Counsel

Candace S. Heidelberger, under appointment by the Court of Appeal, for Defendant and Appellant.

Michael H. Krausnick, County Counsel, and Linda S. Macy, Deputy County Counsel, for Plaintiff and Respondent.

## Opinion

**DIBIASO, Acting P. J.**—Sonya G. is the mother of Charmice G., a dependent child for whom the juvenile court in 1993 selected legal guardianship as the permanent plan (Welf. & Inst. Code, § 366.26, subd. (c)(4)).[1] The mother appeals from simultaneous 1997 juvenile court orders denying her petition to regain custody of Charmice and granting the guardians' petition to set a new section 366.26 hearing and modify the permanent plan to adoption. We will dismiss the mother's appeal because it is prohibited by section 366.26, subdivision (*l*).

### Statement of Case and Facts

In October 1991, the Stanislaus County Superior Court sitting as a juvenile court adjudged Charmice G. (born Sept. 1, 1991) a juvenile dependent

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

and removed her from her mother's custody. At birth, Charmice tested positive for cocaine and exhibited fetal alcohol effects. Although the mother received more than 18 months of reunification services, the court found there was no substantial likelihood that Charmice could be returned to her mother's care. Consequently, in May 1993, the court terminated reunification and set a section 366.26 permanency planning hearing (section 366.26 hearing). At the section 366.26 hearing held in November 1993, the parties stipulated to and the court selected guardianship as the permanent plan. Ronn and Lynn J., who had served as the child's foster parents since shortly after her birth, were appointed legal guardians for Charmice.

In June 1997, the Stanislaus County Department of Social Services (Department) filed a petition for modification pursuant to section 388, asking the court to permit the guardians to move Charmice out of state.[2] The following month, the mother filed her own section 388 petition to set aside the guardianship and return Charmice to the mother's care. Then, in August 1997, the guardians filed a section 388 petition to amend the permanent plan from guardianship to adoption.

In early September 1997, the juvenile court conducted a contested hearing on all three section 388 petitions.[3] On September 8, 1997, the court entered an order denying the mother's petition to set aside the guardianship. According to the court, although the mother had established changed circumstances, she had made an insufficient showing that the modification she proposed would be in the best interests of Charmice. At the same time, the court also entered orders granting the Department's petition to authorize the child's out-of-state move and the guardians' petition to modify the permanent plan to adoption. The court then set the matter for a new section 366.26 hearing in December 1997.

---

[2]Section 388 provides: "Any parent or other person having an interest in a child who is a dependent child of the juvenile court or the child himself through a properly appointed guardian may, upon grounds of change of circumstance or new evidence, petition the court in the same action in which the child was found to be a dependent child of the juvenile court or in which a guardianship was ordered pursuant to Section 360 for a hearing to change, modify, or set aside any order of court previously made or to terminate the jurisdiction of the court. The petition shall be verified and, if made by a person other than the child, shall state the petitioner's relationship to or interest in the child and shall set forth in concise language any change of circumstance or new evidence which are alleged to require such change of order or termination of jurisdiction.

"If it appears that the best interests of the child may be promoted by the proposed change of order or termination of jurisdiction, the court shall order that a hearing be held and shall give prior notice, or cause prior notice to be given, to such persons and by such means as prescribed by Section 386, and, in such instances as the means of giving notice is not prescribed by such sections, then by such means as the court prescribes."

[3]Because we will dismiss the mother's appeal, we need not summarize the evidence presented at this hearing.

On September 12, 1997, the mother filed a timely notice of intent to file a writ petition pursuant to California Rules of Court, rule 39.1B (rule 39.1B).[4] She thereafter filed a rule 39.1B petition (*Sonya G.* v. *Superior Court* (Dec. 4, 1997) F029242 [nonpub. opn.]) with this court. In her petition, the mother challenged the juvenile court's ruling on the guardians' section 388 petition and its order setting a new section 366.26 hearing. Her entire presentation on the merits of her claims consisted solely of the following statements:

"There was insufficient evidence to support the finding of a change of circumstances.

"Guardians decided to adopt minor. Court found that this was a sufficient change of circumstances upon which to grant the guardian's 388 petition and set a hearing pursuant to Welfare and Institutions Code section 366.26."

We denied the mother's rule 39.1B petition in an opinion filed on December 4, 1997. We found the petition to be meritless on its face (*Angela S.* v. *Superior Court* (1995) 36 Cal.App.4th 758, 762 [42 Cal.Rptr.2d 755]; *In re Jason L.* (1990) 222 Cal.App.3d 1206, 1214 [272 Cal.Rptr. 316]). Alternatively, we concluded the mother had waived the contention the juvenile court's orders were not supported by substantial evidence because she had not summarized the evidence supporting the trial court's decisions so as to demonstrate such evidence was not substantial (*In re Marriage of Fink* (1979) 25 Cal.3d 877, 887-888 [160 Cal.Rptr. 516, 603 P.2d 881]). We said in relevant part:

"The general rule is that the failure to summarize the evidence supporting the trial court's decision to show that it is not substantial amounts to a waiver. (*In re Marriage of Fink*[, *supra*,] 25 Cal.3d [at pp.] 887-888.) In petitions filed pursuant to rule 39.1B of the California Rules of Court '. . . fact-specific arguments which ignore the substantial evidence standard of review are not appropriate . . . and may be deemed frivolous.' (See *Angela S.* v. *Superior Court*[, *supra*,] 36 Cal.App.4th [at p.] 762.)

"Petitioner does not summarize the evidence which supports the trial court's decision which she challenges. An evaluation of such deficient contentions would require this court to review all transcripts and reports in the record to develop its own factual context. The result would be that petitioner would receive the type of independent review which the California Supreme Court has held is unnecessary for this court to undertake. (*In re Sade C.* (1996) 13 Cal.4th 952, 994 [55 Cal.Rptr.2d 771, 920 P.2d 716].)

---

[4]In its brief to this court, the Department asks us to take judicial notice of the writ proceedings. Given the Department's compliance with the terms of Evidence Code section 453 and the lack of any opposition by appellant, we will do so. (Evid. Code, §§ 453, 452.)

"Moreover, the arguments made by petitioner only tend to establish a factual context which, had it been credited by the trial court, might have led to a different decision. Such contentions are facially meritless in light of the standard of review in this court. (*In re Jason L., supra*, [222 Cal.App.3d at p. 1214]; see *Angela S. v. Superior Court, supra*.)" (*Sonya G. v. Superior Court, supra*, F029242.)

On November 5, 1997, while her writ petition was pending before this court, the mother filed a notice of appeal from the juvenile court's September 8 orders.

DISCUSSION

A.

 The mother contends the juvenile court erred by (1) granting the guardians' section 388 petition to change the permanent plan for Charmice from guardianship to adoption, and (2) denying her section 388 petition to return Charmice to her custody. The mother questions the sufficiency of the evidence to support the order granting the guardians' petition and also claims that this order and the order denying her section 388 petition each represented an abuse of the juvenile court's discretion.

The Department moved to dismiss the mother's challenge to the order granting the guardians' petition. The Department argued that because we had previously rejected such a challenge on its merits, the order's validity was not subject to further attack by appeal. We denied the motion without prejudice, on the grounds it was directed at only part of the mother's appeal and would require an examination of the record (9 Witkin, Cal. Procedure (4th ed. 1997) Appeal, § 635, p. 663). However, following our preliminary review of the record and briefs, we inquired of the parties whether section 366.26, subdivision (*l*), precluded appellate consideration of *all* the mother's issues and therefore whether we should dismiss her appeal.

As we will explain, we conclude: that section 366.26, subdivision (*l*), bars direct appeals from an order setting a section 366.26 hearing; and that none of the issues raised by the mother are subject to review on this appeal.

B.

Section 366.26, subdivision (*l*), provides:

"(*l*) (1) An order by the court that a hearing pursuant to this section be held is not appealable at any time unless all of the following applies:

"(A) A petition for extraordinary writ review was filed in a timely manner.

"(B) The petition substantively addressed the specific issues to be challenged and supported that challenge by an adequate record.

"(C) The petition for extraordinary writ review was summarily denied or otherwise not decided on the merits.

"(2) Failure to file a petition for extraordinary writ review within the period specified by rule, to substantively address the specific issues challenged, or to support that challenge by an adequate record shall preclude subsequent review by appeal of the findings and orders made pursuant to this section.

"(3) The Judicial Council shall adopt rules of court, effective January 1, 1995, to ensure all of the following:

"(A) A trial court, after issuance of an order directing a hearing pursuant to this section be held, shall advise all parties of the requirement of filing a petition for extraordinary writ review as set forth in this subdivision in order to preserve any right to appeal in these issues. This notice shall be made orally to a party if they are present at the time of the making of the order or by first-class mail by the clerk of the court to the last known address of a party not present at the time of the making of the order.

"(B) The prompt transmittal of the records from the trial court to the appellate court.

"(C) That adequate time requirements for counsel and court personnel exist to implement the objective of this subdivision.

"(D) That the parent or guardian, or their trial counsel or other counsel, is charged with the responsibility of filing a petition for extraordinary writ relief pursuant to this subdivision.

"(4) The intent of this subdivision is to do both of the following:

"(A) Make every reasonable attempt to achieve a substantive and meritorious review by the appellate court within the time specified in Sections 366.21 and 366.22 for holding a hearing pursuant to this section.

"(B) Encourage the appellate court to determine all writ petitions filed pursuant to this subdivision on their merits.

"(5) This subdivision shall only apply to cases in which an order to set a hearing pursuant to this section is issued on or after January 1, 1995."[5]

Thus, if a party does not comply with subparts (1)(A) and (B) of subdivision (*l*), the party cannot challenge by appeal "at any time" the decision to set a section 366.26 hearing. (Subd. (*l*)(1)(A) & (B); see also *Ronald S. v. Superior Court* (1995) 34 Cal.App.4th 1467, 1468-1469 [41 Cal.Rptr.2d 139].) In addition, even if the party does comply with these subparts, appeal is still precluded as to any issue raised by the petition which the Court of Appeal decides on its merits. (Subd. (*l*)(1)(C).)

However, though subdivision (*l*) marks out with precision the conditions which permit a party to contest by appeal an order setting a section 366.26 hearing, it is not entirely clear about *when* a party should appeal if those enabling conditions have been met. Must the aggrieved party challenge the setting order by appeal directly from the order, as the mother attempts to do here, or instead must the party wait to attack the setting order on a later appeal from the order entered at the section 366.26 hearing?[6] We conclude the latter alternative is the correct one.

Subdivision (*l*) does not expressly state that the order setting a section 366.26 hearing is a nonappealable order. Nevertheless, no other reasonable interpretation can be given to the subdivision. Subdivision (*l*)(2) provides that a failure to meet the three conditions "preclude[s] subsequent review by appeal of the findings and orders made pursuant to this section." This language is indicative of a legislative sentiment that the setting order is not appealable itself but may be reviewed, if the statutory prerequisites are satisfied, on an appeal from the section 366.26 order. We recognize that subdivision (*l*)(2) uses the preposition "of" rather than "from," but we view this word choice as inconsequential. The dictionary definition for the word "of" includes "derived or coming from," "caused by," and "resulting from." (Am. Heritage Dict. (new college ed. 1981) p. 911, col. 1.)[7]

The existing case law assumes that subdivision (*l*) forbids a direct appeal from the order setting the section 366.26 hearing even if the prescribed three

---

[5]All subdivision references are hereinafter to section 366.26.

[6]We use "must" rather than "may" because, if the setting order is an appealable order and no appeal is taken from it, then the "waiver" rule would appear to preclude a subsequent objection to the order on an appeal from the order entered at the section 366.26 hearing. (See *In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1150-1151 [65 Cal.Rptr.2d 913].)

[7]Permitting a direct appeal from a setting order would likely spawn some practical problems, because subdivision (*l*) does not purport to affect the time limits—particularly the 60-day limit—of California Rules of Court, rule 2. At minimum, the appellate courts would probably have to deal with "protective" notices of appeal filed by the aggrieved party during the pendency of the writ proceedings.

conditions have been met. (*Maribel M.* v. *Superior Court* (1998) 61 Cal.App.4th 1469, 1472 [72 Cal.Rptr.2d 536]; *Wanda B.* v. *Superior Court* (1996) 41 Cal.App.4th 1391, 1395 [49 Cal.Rptr.2d 175]; *Joyce G.* v. *Superior Court* (1995) 38 Cal.App.4th 1501, 1507 [45 Cal.Rptr.2d 805]; *Steve J.* v. *Superior Court* (1995) 35 Cal.App.4th 798, 812, fn. 5 [41 Cal.Rptr.2d 731]; *Ronald S.* v. *Superior Court, supra*, 34 Cal.App.4th 1467, 1468-1469.) The Judicial Council has come to the same conclusion, for rule 39.1B, enacted to implement the statute pursuant to the directive in subdivision (*l*)(3), states expressly that:

"[t]he findings and orders of the juvenile court in setting a hearing under section 366.26 *may be reviewed on appeal following the order of the 366.26 hearing* only if the following have occurred:

"(1) an extraordinary writ was sought by the timely filing of . . . [a] petition for extraordinary writ; and

"(2) The petition for extraordinary writ was summarily denied or otherwise not decided on the merits."[8] (Rule 39.1B(d), italics added.)

The legislative and judicial background of this aspect of California's permanency planning statutes also supports the proposition that a setting order is not an appealable order. The appellate court in *Anthony D.* v. *Superior Court* (1998) 63 Cal.App.4th 149, 153-154 [73 Cal.Rptr.2d 479], recently summarized that history:

"In 1987, the Legislature revamped the dependency statutory scheme into its current form, creating section 366.26 as the sole means of selecting a permanent plan for children declared dependents on or after January 1, 1989. Before this legislation was enacted, however, 'a dispute arose in the Courts of Appeal as to whether, for children adjudicated dependent prior to January 1, 1989, a postjudgment order authorizing either the filing in superior court of a petition to terminate parental rights pursuant to Civil Code section 232, or the initiation of guardianship proceedings, was an appealable order.' (*In re Matthew C.* (1993) 6 Cal.4th 386, 397 [24 Cal.Rptr.2d 765, 862 P.2d 765].) The Legislature responded in 1988 by enacting former subdivision (j) to section 366.25, which provided: 'An order by the court that authorizes the filing of a petition to terminate parental rights pursuant to Section 232 or that authorizes the initiation of guardianship proceedings is not an appealable

---

[8]Rule 39.1B(d) thereafter provides that "Review on appeal of the order setting a hearing under section 366.26 is limited to issues raised in a previous petition for extraordinary writ that were supported by an adequate record." Given the preceding language in subdivision (d), this statement must be construed to mean review on appeal "following the order made at the [section] 366.26 hearing."

order but may be the subject of review by extraordinary writ.' In 1989, the Legislature similarly amended section 366.26 by adding subdivision (k), which provided: 'An order by the court directing that a hearing pursuant to this section be held is not an appealable order, but may be the subject of review by extraordinary writ.'

"What ensued was a rash of cases attempting to decipher what the Legislature meant by the language in these two subdivisions. This court held (*In re Brittany S.* (1993) 17 Cal.App.4th 1399 [22 Cal.Rptr.2d 50]) it meant referral orders were not immediately appealable but were subject to review on appeal from the subsequent judgment pursuant to section 366.26. Other appellate courts held referral orders were not reviewable on appeal at all; the only way to get review was by petition for extraordinary writ. (See, e.g., *In re Amanda B.* (1992) 3 Cal.App.4th 935 [4 Cal.Rptr.2d 922]; *In re Taya C.* (1991) 2 Cal.App.4th 1 [2 Cal.Rptr.2d 810].) These courts held that to rule otherwise would contravene the clear legislative intent to expedite finality in dependency proceedings, as evidenced by the streamlining of the entire statutory scheme that created the section 366.26 hearing.

"The Supreme Court ultimately disagreed with the latter line of cases. (*In re Matthew C., supra*, 6 Cal.4th 386.) While it agreed that the intent of section 366.26, subdivision (k) (and presumably section 366.25, subdivision (j)) was to eliminate interim appeals from referral orders, it concluded the findings subsumed within such orders remained reviewable on appeal from the final order made at the section 366.26 hearing. In a footnote, the court noted, 'As we construe the current statutory scheme, seeking writ review of the order terminating reunification services and setting a section 366.26 hearing is permissible but not a condition for raising these issues on appeal. If the Legislature deems it appropriate, however, it could amend the statute to expressly provide that a party must seek writ review as a condition to later raising the issue on appeal from a final judgment, and to require that parties be explicitly advised of this requirement at the final review hearing.' (6 Cal.4th at p. 400, fn. 13.)

"The Legislature quickly accepted this invitation. In 1994, it replaced section 366.26, subdivision (k) with subdivision (*l*) . . . . The Judicial Council, in response to a command included in subdivision (*l*), adopted rule 39.1B, which sets forth the procedure by which a challenge to a referral order must be made."

In light of this history, the Legislature's enactment of subdivision (*l*) manifests its desire to prohibit interim appeals from referral orders or orders setting a section 366.26 hearing. Therefore, henceforward we will dismiss purported direct appeals from such orders.

We are mindful that the legislative intent to abrogate a right of appeal "must be clearly stated." (*In re Matthew C.* (1993) 6 Cal.4th 386, 394 [24 Cal.Rptr.2d 765, 862 P.2d 765].) However, in the absence of subdivision (*l*), an order setting a section 366.26 hearing would be directly appealable by virtue of section 395. If the Legislature did not want subdivision (*l*) to foreclose a direct appeal from a setting order, its enactment of the subdivision would seem to have been in substance a pointless statement of the results the law would demand in the absence of the subdivision. (See *Kowis* v. *Howard* (1992) 3 Cal.4th 888, 894 [12 Cal.Rptr.2d 728, 838 P.2d 250] [law of the case established by ruling on merits of writ]; *In re Kristin W.* (1990) 222 Cal.App.3d 234, 248-249 [271 Cal.Rptr. 629]; [propriety of extraordinary writ despite right to appeal]; *In re Eli F.* (1989) 212 Cal.App.3d 228, 233 [260 Cal.Rptr. 453].) Our construction of subdivision (*l*) will not prevent an aggrieved parent from obtaining appellate review of the crucial order. (See *In re Matthew C., supra,* 6 Cal.4th at pp. 394-395.) The parent will either secure appellate consideration of the merits of the setting order by a subdivision (*l*) petition or by later appeal from the order made at the section 366.26 hearing.

## C.

The mother contends the propriety of the order denying her section 388 petition may be evaluated on this appeal notwithstanding subdivision (*l*) because the denial was not so "integrally related" to the contemporaneous order setting the section 366.26 hearing as to constitute an attempt to overturn the order for the section 366.26 hearing. The mother therefore claims the juvenile court's refusal to grant her petition is appealable in the same manner as any other postdispositional order (§ 395). The mother relies on the rule articulated in *In re Stephanie M.* (1994) 7 Cal.4th 295 [27 Cal.Rptr.2d 595, 867 P.2d 706] and *In re Marilyn H.* (1993) 5 Cal.4th 295 [19 Cal.Rptr.2d 544, 851 P.2d 826] that, at any time prior to the commencement of a section 366.26 hearing, a parent may file a section 388 petition requesting a return of a child to the parent's custody. She thus argues that her appeal of the juvenile court's denial of her section 388 petition is not designed to overturn the order setting the section 366.26 hearing. According to the mother, the two orders are "independent" because "reversal would simply result in the court modifying the permanent plan, whatever it might be." At most, the mother admits that "a favorable appellate determination might affect the outcome of the section 366.26 hearing." The mother does concede, however, that even under her analysis the juvenile court's order granting the guardian's section 388 petition is not reviewable because the order was "integrally related" to the order setting a section 366.26 hearing.

The mother fails to cite any authority for the proposition that the applicability of subdivision (*l*) depends upon whether the ruling in question is

"integrally related" to an order for a section 366.26 hearing. Indeed, she does not explain what she means by the words "integrally related." However, even assuming the mother is correct that subdivision (*l*) applies only when the collateral order in issue is "integrally related" to the order for a section 366.26 hearing, her appeal of the order denying her section 388 petition is barred.

For lack of any other definition of "integrally related," we resort to the common meanings of the words. In ordinary parlance, "integral" means "part or constituent component necessary or essential to complete the whole." (Black's Law Dict. (6th ed. 1990) p. 809, col. 1.) "Related" means "[s]tanding in relation; connected; allied; akin." (*Id.* at p. 1288, col. 1.) As we will explain, under these definitions the juvenile court's denial of the mother's section 388 petition was "integrally related" to the order for the section 366.26 hearing.

The return of a dependent child to parental custody and the development of a permanent plan for the child are mutually exclusive issues; the former has no place in a hearing for the latter. Thus, the juvenile court does not have discretion at a section 366.26 hearing to consider evidence that return to parental custody is appropriate. (*In re Marilyn H.*, *supra*, 5 Cal.4th at p. 305.) "[T]he juvenile court's dispositional options [at the section 366.26 hearing] do not include return to parental custody." (*Id.* at p. 310.) The authorization to file, before the commencement of a section 366.26 hearing, a section 388 petition for the return of the child is precisely intended to permit the court to decide in advance of the section 366.26 hearing whether renewed parental custody is appropriate; this procedure prevents "unnecessarily disrupting the focus and efforts of the court to establish permanency for the child." (*In re Marilyn H.*, *supra*, 5 Cal.4th at p. 310.)

Accordingly, if we were to find in favor of the mother on the merits of her claim that the juvenile court committed prejudicial error in denying her petition for return of Charmice, our disposition would necessarily include reversal of the order setting the section 366.26 hearing; the juvenile court could not proceed to consider permanency planning if the mother's petition was subject to retrial and reconsideration on remand. There would be no reason for permanency planning until the court finally disposed of that petition.

The dependence of permanent planning upon the denial of the mother's petition to regain custody leaves no doubt in our mind that the two issues stand in relation to each other and are "constituent component[s]" essential to complete the whole—in other words, that they are "integrally related" to

each other. (Black's Law Dict., *supra*, p. 809, col. 1; see *In re Steven H.* (1992) 6 Cal.App.4th 1752, 1760-1761 [8 Cal.Rptr.2d 535] [discussing former § 366.26, subd. (k)].) Even under the test proffered by the mother, then, review of the juvenile court's denial of the mother's section 388 petition is subject to subdivision (*l*).[9]

## D.

Because the denial of the mother's section 388 petition and the granting of the guardians' section 388 petition are "integrally related" to the order setting the section 366.26 hearing, we must dismiss the mother's entire appeal. As we previously explained, subdivision (*l*) is a nonappealable order. We will review an order setting a section 366.26 hearing on appeal from the order made at the section 366.26 hearing, but only if (1) the party complied with the writ procedure in subdivision (*l*); and (2) the appellate court summarily denied the petition for extraordinary writ review or otherwise did not decide it on the merits. (Subd. (*l*)(1).)[10]

Here, the mother's attempt to appeal from the juvenile court's September 8, 1997, orders was in violation of the bar to such appeals presented by subdivision (*l*). None of the September 8, 1997, orders about which she complains were made at a section 366.26 hearing; they were made at a hearing where a section 366.26 hearing was set. Subdivision (*l*) limits the mother's recourse at this stage of the proceedings to a petition for extraordinary writ pursuant to the statute. She pursued this sole available remedy to the conclusion represented by our opinion of December 4, 1997. She has no additional remedy by means of the instant appeal.

## DISPOSITION

The appeal is dismissed.

Harris, J., and Levy, J., concurred.

---

[9]Because we accept for the sake of argument the mother's reliance on an "integrally related" test, we do not decide what is the correct standard for determining the scope of subdivision (*l*).

[10]We leave undecided (1) whether any one or more of these conditions were met in connection with the writ proceedings initiated by the mother, and (2) when and under what circumstances a party may be excused for good cause for noncompliance with subdivision (*l*).