[Nos. E039935, E039796. Fourth Dist., Div. Two. Oct. 3, 2006.]

In re TABITHA W., a Person Coming Under the Juvenile Court Law.
RIVERSIDE COUNTY DEPARTMENT OF CHILDREN'S SERVICES,
Plaintiff and Respondent, v.
ROYCE W. et al, Defendants and Appellants.

[No. E039796. Fourth Dist., Div. Two. Oct. 3, 2006.]

CLAUDIA W. et al., Petitioners, v.
THE SUPERIOR COURT OF RIVERSIDE COUNTY, Respondent;
RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,
Real Party in Interest.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

\*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and IIIB.

812

---

COUNSEL

Diana W. Prince, under appointment by the Court of Appeal, for Defendant and Appellant and for Petitioner Claudia W.

Christopher R. Booth, under appointment by the Court of Appeal, for Defendant and Appellant and for Petitioner Royce W.

Joe S. Rank, County Counsel, and Julie Koons Jarvi, Deputy County Counsel, for Plaintiff and Respondent and for Real Party in Interest.

No appearance for Respondent Superior Court.

Valerie N. Lankford, under appointment by the Court of Appeal, for Minors.

## OPINION

**RAMIREZ, P. J.**—Claudia W. and Royce W. each appeal the juvenile court's decision to deny them visitation with Tabitha W. and T.W.[1] They also each petition for a writ of mandate to overturn certain orders of the juvenile court. Claudia seeks reversal of the order denying her reunification services and the order denying her visitation on the grounds that there was no substantial evidence to support the orders and that the juvenile court failed to make the required express findings. Royce seeks reversal of the order taking jurisdiction, the order removing T.W. from his custody, the order denying reunification services and the order denying him visitation on the grounds that the juvenile court could not make true findings as to allegations involving Tabitha since he is only her stepfather, substantial evidence did not support the findings, and the juvenile court failed to make the required express findings. We dismiss the appeals as improperly taken from an order made at a hearing in which a Welfare and Institutions Code section 366.26 hearing was set. (Welf. & Inst. Code, § 366.26, subd. (*l*)(1).)[2] Finding that the juvenile court made the required findings, which are supported by substantial evidence, and did not abuse its discretion, we deny the petitions for writ of mandate.

### I

### FACTS*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### II

### PROCEDURAL HISTORY

The Riverside County Department of Public Social Services (DPSS) filed a petition under section 300, on December 13, 2005, as to Tabitha, then age

---

[1] The family members will hereafter be referred to simply by their first names, not out of any familiarity or disrespect, but to ease the burden on the reader. (See, e.g., *In re Marriage of Schaffer* (1999) 69 Cal.App.4th 801, 803, fn. 2 [81 Cal.Rptr.2d 797].)

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

*See footnote, *ante*, page 811.

seven and her half brother, T.W., then age four. DPSS alleged that Tabitha came under section 300, subdivisions (a), (b), (f), and (g), and that T.W. came under section 300, subdivisions (b), (f), and (j).[3]

On December 14, 2005, the juvenile court found that a prima facie showing had been made that the children came within section 300, subdivisions (a), (b), (f), (g) and (j), and ordered that they continue removed from the home pending a jurisdictional hearing, which was set for January 9, 2006. At that time Royce's attorney reported that Royce was not interested in visiting or reunifying with Tabitha. Reunification services were nevertheless ordered pending that hearing and supervised visitation was to be as directed by DPSS as to T.W., but visitation was suspended as to Tabitha.

An addendum report filed by DPSS on January 5, 2006, requested a four-week continuance to allow for further evaluation and assessment since the case had been delayed due to cooperation with a law enforcement investigation. The juvenile court granted the continuance and set the jurisdictional hearing for February 1, 2006. The parents requested visitation and supervised visitation with both children was ordered as directed by DPSS.

---

[3] "Any child who comes within any of the following descriptions is within the jurisdiction of the juvenile court which may adjudge that person to be a dependent child of the court:

"(a) The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm inflicted nonaccidentally upon the child by the child's parent or guardian. For the purposes of this subdivision, a court may find there is a substantial risk of serious future injury based on the manner in which a less serious injury was inflicted, a history of repeated inflictions of injuries on the child or the child's siblings, or a combination of these and other actions by the parent or guardian which indicate the child is at risk of serious physical harm. For purposes of this subdivision, 'serious physical harm' does not include reasonable and age-appropriate spanking to the buttocks where there is no evidence of serious physical injury.

"(b) The child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of the failure or inability of his or her parent or guardian to adequately supervise or protect the child, . . . or by the willful or negligent failure of the parent or guardian to provide the child with adequate food, clothing, shelter, or medical treatment, or by the inability of the parent or guardian to provide regular care for the child due to the parent's or guardian's mental illness, developmental disability, or substance abuse. . . . [¶] . . . [¶]

"(f) The child's parent or guardian caused the death of another child through abuse or neglect.

"(g) The child has been left without any provision for support . . . . [¶] . . . [¶]

"(j) The child's sibling has been abused or neglected, as defined in subdivision (a), (b), (d), (e), or (i), and there is a substantial risk that the child will be abused or neglected, as defined in those subdivisions. The court shall consider the circumstances surrounding the abuse or neglect of the sibling, the age and gender of each child, the nature of the abuse or neglect of the sibling, the mental condition of the parent or guardian, and any other factors the court considers probative in determining whether there is a substantial risk to the child." (§ 300, subds. (a), (b), (f), (g) and (j).)

The jurisdiction/disposition report was filed on January 30, 2006. DPSS recommended that services be denied to both parents pursuant to section 361.5 subdivision (b)(4) and (6).[4] At a hearing on February 1, 2006, the juvenile court found the allegations true that the children came within section 300, subdivisions (a), (b), (f) and (g) and adjudged them dependents of the court. It made findings under section 361, subdivisions (a) and (c)(1), (3). It also ordered that no services would be provided to either parent under section 361.5, subdivision (b)(4) and (6) and ordered adoption as the permanency plan. The juvenile court further found that visitation between the children and their parents was detrimental to their well-being and suspended the visitation order. It then set a hearing under section 366.26 to be heard on June 1, 2006. These proceedings followed.

## III

### DISCUSSION

#### A. *The Appeals*

After filing notices of intent to file a writ petition, both Claudia and Royce also filed appeals from the orders made at the February 1, 2006, hearing. On our own motion we consolidated the appeals with the writ proceedings for purposes of briefing, oral argument and decision. DPSS argues that the appeals must be dismissed as the juvenile court set a section 366.26 hearing at the same time that it made the challenged orders. We agree.

Section 366.26, subdivision (*l*)(1) currently provides that "An order by the court that a hearing pursuant to this section be held is not appealable at any time unless" a timely writ petition was filed, which "substantively

---

[4] "(b) Reunification services need not be provided to a parent or guardian described in this subdivision when the court finds, by clear and convincing evidence, any of the following: [¶] . . . [¶]

"(4) That the parent or guardian of the child has caused the death of another child through abuse or neglect. [¶] . . . [¶]

"(6) That the child has been adjudicated a dependent pursuant to any subdivision of Section 300 as a result of severe sexual abuse or the infliction of severe physical harm to the child, a sibling, or a half-sibling by a parent or guardian, as defined in this subdivision, and the court makes a factual finding that it would not benefit the child to pursue reunification services with the offending parent or guardian. [¶] . . . [¶]

"A finding of the infliction of severe physical harm, for the purposes of this subdivision, may be based on, but is not limited to, deliberate and serious injury inflicted to or on a child's body or the body of a sibling or half-sibling of the child, by an act or omission of the parent or guardian, or of another individual or animal with the consent of the parent or guardian; deliberate and torturous confinement of the child, sibling, or half-sibling in a closed space; or any other torturous act or omission that would be reasonably understood to cause serious emotional damage." (§ 361.5, subd. (b)(4), (6).)

addressed the specific issues to be challenged and supported that challenge by an adequate record" and which "was summarily denied or otherwise not decided on the merits." As recently observed by Division One of this district in *In re Merrick V.* (2004) 122 Cal.App.4th 235 [19 Cal.Rptr.3d 490], "In *In re Charmice G.* [(1998)] 66 Cal.App.4th 659 [78 Cal.Rptr.2d 212], the Court of Appeal held section 366.26, subdivision (*l*) bars direct appeals from orders setting a section 366.26 hearing. The appellate court explained that its statutory interpretation is in keeping with recent legislative efforts to expedite finality in dependency proceedings and to achieve permanency for children in the system. (*In re Charmice G., supra,* 66 Cal.App.4th at p. 668.) In *In re Anthony B.* [(1999)] 72 Cal.App.4th [1017,] 1023 [85 Cal.Rptr.2d 594], the Court of Appeal extended 'the bar of section 366.26, subdivision (*l*) [to] *all* orders issued at a hearing in which a setting order is entered.' The court in *In re Anthony B.* noted: [¶] 'The goals of expedition and finality would be compromised if the validity of these types of contemporaneous, collateral orders were permitted to be raised by appeal from the order itself or from a later permanent planning order and therefore allowed to remain undecided until well after the permanent plan was decided upon. The desired expedition and finality obviously would be most threatened when the permanent plan was adoption and termination of parental rights, the preferred plan which *must* be ordered if the child is found adoptable and the juvenile court cannot make any of the findings set out in section 366.26, subdivision (c)(1)(A) through (D).' (*In re Anthony B., supra,* 72 Cal.App.4th at p. 1023.)" (*In re Merrick V., supra,* 122 Cal.App.4th at p. 248.)

■ Because all of the orders that Claudia and Royce purport to appeal from were made contemporaneously with the order setting a section 366.26 hearing, and the provisions of section 366.26, subdivision (*l*) have not been met, the appeals must be and are dismissed.

Claudia cites *In re Natasha A.* (1996) 42 Cal.App.4th 28, 34 [49 Cal.Rptr.2d 332], for the proposition that this court has observed that a visitation order is separately appealable even if made during the course of setting a hearing under section 366.26. While Claudia is correct, the observation was not the holding of *In re Natasha A.,* nor was it necessary to the holding in that case and was therefore simply dicta. (*In re Natasha A.,* at p. 34.) The case to which this court referred in *In re Natasha A.* is *In re Elizabeth M.* (1991) 232 Cal.App.3d 553 [283 Cal.Rptr. 483]. In that case this court recognized that it had previously been held by other courts that if a challenge to an order contemporaneous with an order setting a hearing to terminate parental rights did not seek, either directly or indirectly, to overturn the order setting the termination hearing, then it was appealable and not barred by then-applicable

section 366.25, subdivision (j). (*In re Elizabeth M.,* at pp. 562–563.) Specifically, we held that because visitation may be ordered or denied during the time prior to a hearing terminating parental rights, such an order did not affect the order setting a termination hearing and therefore an appeal of a visitation order made contemporaneously with an order setting a termination hearing was not barred. (*Id.* at p. 564.)

Our review of the decisions of the Courts of Appeal demonstrates that we are the only court to have subsequently cited *In re Elizabeth M.* for this proposition. Further, our review of the decisions of the Courts of Appeal indicates that the majority of them have chosen to follow the holding in *In re Anthony B.* No courts have disagreed with its holding. In addition, while they note the uncertainty of the case law interpreting the writ filing requirement in the past, the more recently recognized rule that all orders made at a hearing in which a hearing under section 366.26 is ordered must be challenged by writ has been adopted by the authors of California Juvenile Courts Practice and Procedure. They urge that such a rule is the only way to ensure that all outstanding issues will have been reviewed by the Court of Appeal prior to the section 366.26 hearing and that it is both conducive to judicial economy and sensitive to the increasing emphasis on the importance of expeditiously achieving finality in dependency matters in the best interests of the children affected by the process. (Seiser & Kumli, Cal. Juvenile Courts Practice and Procedure (2006) § 2.190 [10], pp. 2-368 to 2-369.) We agree.

 Although the Legislature has not, in the several revisions of the juvenile dependency laws it has enacted since our decision in *In re Elizabeth M.,* changed the specific wording of the statute with which we are here concerned, it has, through its revisions to the laws as a whole, placed an increasing emphasis on efficiency and expediency in the process. We believe that the development of the case law during the 15 years since we decided *In re Elizabeth M.* reflects this fact. We also conclude that the holding in *In re Elizabeth M.,* that some orders made contemporaneously with the setting of a hearing to terminate parental rights (currently a section 366.26 hearing) are appealable, is no longer a correct statement of the law. (See, e.g., *In re Anthony B., supra,* 72 Cal.App.4th at pp. 1022–1024; *In re Charmice G., supra,* 66 Cal.App.4th at pp. 664–669.) All orders issued at a hearing in which a section 366.26 hearing is ordered are subject to section 366.26, subdivision (*l*) and must be reviewed by extraordinary writ. (*In re Merrick V., supra,* 122 Cal.App.4th at p. 248.) The appeals are therefore dismissed.

B. *The Petitions for Writ of Mandate**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante,* page 811.

## IV

### DISPOSITION

The appeals are dismissed. The petitions for writ of mandate are denied.

Hollenhorst, J., and McKinster, J., concurred.

A petition for a rehearing was denied October 31, 2006, and appellants' petition for review by the Supreme Court was denied January 17, 2007, S148110. Moreno, J., did not participate therein.