Filed 8/28/13  In re P.G. CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| In re P.G., a Person Coming Under the Juvenile Court Law. | |
| KERN COUNTY DEPARTMENT OF HUMAN SERVICES, <br><br>     Plaintiff and Respondent, <br><br>          v. <br><br> JENNIFER G., <br><br>     Defendant and Appellant. | F066947 <br><br> (Super. Ct. No. JD128565-00) <br><br> **O P I N I O N** |

**THE COURT**[*]

APPEAL from an order of the Superior Court of Kern County.  Louie L. Vega, Judge.

Neale Gold, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance by Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Cornell, Acting P.J., Gomes, J., and Franson, J.

Jennifer G. (mother) appealed from a March 2013 order terminating parental rights (Welf. & Inst. Code, § 366.26) to her three-year-old son, P. (child).[1]  After reviewing the entire record, mother's court-appointed appellate counsel informed this court she could find no arguable issues to raise on mother's behalf.  Counsel requested, and this court granted, leave for mother to personally file a letter setting forth a good cause showing that an arguable issue of reversible error did exist.  (*In re Phoenix H.* (2009) 47 Cal.4th 835, 844.)

Mother has submitted a letter in which she contends social workers with respondent Kern County Department of Human Services (department) did not provide her with proper services.  She asks this court to look into her case.  Mother neither addresses the termination proceedings nor sets forth a good cause showing that any arguable issue of reversible error at the termination hearing does exist.  (*In re Phoenix H.*, *supra*, 47 Cal.4th at p. 844.)  As discussed below, we will dismiss this appeal.

**PROCEDURAL AND FACTUAL HISTORY**

In the spring of 2012, mother's drug abuse and resulting neglect of her two-year-old child brought him to the attention of the department and led to the underlying dependency proceedings.  Soon after, the juvenile court exercised its dependency jurisdiction over the child and removed him from parental custody.  The court ordered family reunification services for mother, including counseling for child neglect, parenting and substance abuse, random drug testing, and visitation.

As of October 2012, mother was not participating in substance abuse counseling.  She also was not enrolled or participating in child neglect and parenting counseling.  Further, she repeatedly failed to drug test.  At best, she visited consistently and regularly with her child.

---

[1]      All further statutory references are to the Welfare and Institutions Code.

2

At a November 2012 status review hearing, mother testified she was participating in services. However, the juvenile court found mother had not made acceptable efforts and had not availed herself of the services provided. It further found the department provided mother with reasonable services. Having also found mother made no progress toward alleviating or mitigating the problems resulting in the child's out-of-home placement, and there was no substantial probability that he could be returned to her care within another six months, the court terminated family reunification services. In addition, it set a section 366.26 hearing to select and implement a permanent plan for the child.

Mother received proper notice from the juvenile court that she must file a notice of intent, followed by a petition for extraordinary writ, if she wished to preserve her right to appeal the court's decision. Although mother filed a notice of intent, she never followed up by filing a petition for extraordinary writ. Consequently, this court dismissed her writ proceeding. (*J.G. v. Superior Court*, F066176 [Dec. 28, 2012, dismissal order.].)

Despite proper notice, mother did not attend the section 366.26 hearing conducted in March 2013. At the hearing, the juvenile court found there was clear and convincing evidence that the child was likely to be adopted. Consequently, the court terminated parental rights.

## DISCUSSION

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is up to an appellant to raise claims of reversible error or other defect and present argument and authority on each point made. If an appellant does not do so, the appeal should be dismissed. (*In re Sade C*. (1996) 13 Cal.4th 952, 994.) Here, mother does not raise any claim of error or other defect against the termination order from which she appeals.

Instead, she criticizes the department's social worker for not providing her with proper services. In other words, she challenges the juvenile court's November 2012

3

finding that the department provided her reasonable reunification services. On this appeal, mother is not entitled to raise any issue regarding the November 2012 decision, unless she first sought extraordinary writ review from this court. (§ 366.26, subd. (*l*); *In re Merrick V.* (2004) 122 Cal.App.4th 235, 247.) Because mother did not file an extraordinary writ petition to seek review of the juvenile court's November 2012 decision, she has forfeited the argument she makes now. (*Ibid.*)

Of the many private and public concerns which collide in a dependency proceeding, time is among the most important. The action must be concluded as rapidly as is consistent with fairness. The state's interest in expedition and finality is strong and the child's interest in securing a stable home supports the state's particular interest in finality. (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1152.) Section 366.26, subdivision (*l*) promotes these paramount interests by expediting finality in dependency proceedings. (*In re Charmice G.* (1998) 66 Cal.App.4th 659, 668.)

Once the court terminated mother's reunification services, the court's focus properly shifted to the child's needs for permanency and stability. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) If, as in this case, the child was likely to be adopted, adoption is the norm. Indeed, the court must order adoption and its necessary consequence, termination of parental rights, unless one of the specified circumstances provides a compelling reason for finding that termination of parental rights would be detrimental to the child. (*In re Celine R.* (2003) 31 Cal.4th 45, 53.) Here, there was no compelling reason.

Given the lack of any arguable issue in this appeal, we will dismiss it. (*In re Sade C.*, *supra*, 13 Cal.4th at p. 994.)

## DISPOSTION

The appeal is dismissed.

4