Filed 3/16/15  In re P.S. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re P.S et al., Persons Coming Under the Juvenile Court Law. | C076799 |
| SACRAMENTO COUNTY DEPARTMENT OF HEALTH AND HUMAN SERVICES, Plaintiff and Respondent, v. N.C., Defendant and Appellant. | (Super. Ct. Nos. JD230366, JD230367, JD230368, JD230369) |

Nicole C., the mother of 13-year-old Al. S., 12-year-old An. S., 10-year-old C.S., and nine-year-old P.S., appeals from a May 8, 2014 order of the Sacramento County Juvenile Court denying her motion to reopen her reunification services or return the children to her care.  (Welf. & Inst. Code, § 388.)[1]  The juvenile court found that mother had established changed circumstances, but she had not established that granting the

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

motion was in the children's best interest. The juvenile court found that it was in the children's best interest to schedule a selection and implementation hearing (§ 366.26) to consider a permanent plan of legal guardianship with the current caretakers.[2] The hearing was set for September 2, 2014. Mother was advised orally and in writing of her right to seek review by extraordinary writ. (§ 366.26, subd. (*l*).)

On May 12, 2014, mother timely filed a notice of intent to file a writ petition. This court received the notice of intent on May 19, 2014. (*N.C. v. Superior Court of Sacramento County*, case No. C076509.) But mother never acted upon her expressed intent. On July 8, 2014, this court notified mother and all counsel that, because no writ petition had been filed, the case was closed.

The Sacramento County Department of Health and Human Services contends mother's failure to file a writ petition seeking review of the order setting a selection and implementation hearing bars her present appeal seeking return of the children or further reunification services. We agree.

"Section 366.26, subdivision (*l*), applies to all 'issues arising out of the contemporaneous findings and orders made by a juvenile court in setting a section 366.26 hearing.' [Citation.] This includes issues based upon the denial of a parent's section 388 petition where a reversal of such denial would require vacation or reversal of the setting order itself. [Citation.]" (*In re Anthony B*. (1999) 72 Cal.App.4th 1017, 1022, citing *In re Charmice G*. (1998) 66 Cal.App.4th 659, 670.) As in *In re Charmice G.*, mother's section 388 petition sought return of the children to parental custody or services designed

---

[2] The juvenile court found that mother had not addressed her longstanding mental health issues, in that she had attended just four counseling sessions and had been on a medication regimen for just six weeks. The juvenile court relied on two mental health experts who opined that mother would require a prolonged period of treatment. Absent that treatment, mother could revert to her lifelong pattern of treating her mental health issues by using unlawful drugs. The record amply supports the juvenile court's conclusion.

to facilitate their return.  Either of those outcomes would have been inconsistent with any of the long-term placement alternatives authorized by section 366.26, subdivision (c). Reversal of the juvenile court's denial would have required vacation or reversal of the setting order.

Mother asks that, if we conclude section 366.26, subdivision (*l*) precludes her appeal, we treat the appeal as a writ petition because "she has no other avenue to challenge the denial of her section 388 petition."  But mother did have another avenue; she could have timely filed a writ petition consistent with her notice of intent.  She does not explain her failure to pursue that remedy and she does not argue that due process now requires us to treat her appeal as a writ petition.  We decline her request.

DISPOSITION

The appeal is dismissed.

          MAURO         , J.


We concur:


      HULL          , Acting P. J.


      DUARTE       , J.