Filed 3/4/21  In re B.L. CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| In re B.L., a Person Coming Under the Juvenile Court Law. | |
| SAN BERNARDINO COUNTY CHILDREN AND FAMILY SERVICES, | E074957 |
| Plaintiff and Respondent, | (Super.Ct.No. J281806) |
| v. | OPINION |
| J.L., | |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Christopher B. Marshall, Judge.  Affirmed.

Valerie N. Lankford, under appointment by the Court of Appeal, for Defendant and Appellant.

Michelle D. Blakemore, County Counsel, Dawn M. Martin, Deputy County Counsel, for Plaintiff and Respondent.

1

Defendant and appellant J.L. (mother) appeals from an order summarily denying her Welfare and Institutions Code[1] section 388 petition for modification filed in juvenile dependency proceedings involving her son, B.L. (the child). Mother argues she was entitled to a hearing because her petition sufficiently established both her changed circumstances and the benefit to her child that would result if the child was placed with her or if family reunification services were provided. Respondent San Bernardino County Children and Family Services (the Department) urges us to dismiss mother's appeal on the grounds that she was required to raise those arguments in her writ taken from the order setting the section 366.26 permanent plan selection hearing. We will address the merits of mother's argument and affirm.

## BACKGROUND

When the child was born in July 2019, mother had already lost custody of her other four children, who do not share the same father as the child. Three children had been removed in 2015 after mother tried to run her sister over with a car while the youngsters were present. When reunification efforts as to those children failed, the court ordered the two elder children into permanent placement with a paternal relative and terminated parental rights as to the youngest. In 2017, the court adjudged mother's fourth child a dependent after the baby tested positive for alcohol, opiates, and amphetamines at birth. Mother did not reunify with that child, and the court terminated her parental rights.

---

[1] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

In July 2019, the child was born with a positive toxicology for methamphetamine. The Department took the child into protective custody and filed a juvenile dependency petition pursuant to section 300. The court ordered the child detained.

The juvenile court sustained an amended version of the section 300 petition, asserted jurisdiction and adjudged the child a dependent pursuant to subdivisions (b)(1) and (j) of section 300 at a contested combined hearing on jurisdiction and disposition. It removed the child from both parents and ordered family reunification services for the father. It bypassed services as to mother pursuant to subdivision (b)(10) and (b)(11) of section 361.5 because of her failure to reunify with the child's half siblings and the termination of her parental rights as to two of them without her thereafter making reasonable efforts to treat the problems that led to the removal of those children. Mother was permitted supervised two-hour visits with the child twice a month. A six-month status review pursuant to section 366.21, subdivision (e), was set for March 13, 2020.

The status review report prepared by the Department in anticipation of the review hearing stated that mother had been visiting once a week. She would arrive on time and prepared, stay the full two hours, and attend to the child's needs during the visits, which were described as "always appropriate."

On March 5, 2020, mother filed a section 388 petition seeking orders either returning the child to her with provision of family maintenance services or, in the alternative, an order for family reunification services with increased liberalized visits with the child. She averred that her circumstances had changed in that she had made

efforts to achieve and maintain sobriety, as well as completed parenting and anger management classes.

Mother attached to her petition certificates from St. John of God Health Care Services evidencing completion in November 2019 of 12 parenting classes and completion of a 12-week anger management class and an outpatient program in December 2019. She also attached a client progress form reporting 11 negative drug tests between August 30 and December 18, 2019, and three negative tests for blood-alcohol content during that period. No positive tests were reported. A February 29, 2020 aftercare report indicated that she had been tested twice (January 3 and February 17, 2020) with negative results, she had attended 84 percent of the required sessions, and her level of involvement in them was "fair." The report stated mother appeared to be focused on her recovery, and she was in compliance with the rules and regulations of the aftercare program, including providing proof of attendance of three 12-step meetings a week.

Mother also attached a letter she had written. In it, she explained she had enrolled in programs when she was told she would not be getting any of her five children returned to her. She reported weekly visits with the child, that she was employed and had rented a place to live, and she intended to continue on her self-improvement efforts with the hope of being able to be a mother to her children.

The juvenile court summarily denied the petition on March 5, 2020, finding it did not state new evidence or a change of circumstances and that the proposed change of order does not promote the best interests of the child.

At the March 13, 2020 six-month review hearing, the court terminated family reunification services for the father, who had not participated in any services and had visited the child one time. It set the matter for a permanent plan selection hearing.

On March 13, 2020, mother noticed her intent to file a writ petition (case No. E074915, which was dismissed by this court on June 8, 2020) and filed notice of this appeal.

## DISCUSSION

Before addressing mother's argument that the juvenile court erred when it summarily denied her petition, we address the Department's contention that the appeal should be dismissed as forfeited or moot.

<u>The Department's call for dismissal of the appeal</u>

The Department urges us to dismiss mother's appeal because she did not raise the issue of the denial of her section 388 petition in the writ proceedings she noticed after the court terminated father's reunification services and set the permanent plan selection hearing. It claims that, because the section 388 petition and the denial order were in the writ record and mother's writ was dismissed after her counsel filed a letter advising this court no issues were found to raise in the writ, mother should be foreclosed from challenging in this appeal the summary denial of the petition. We disagree.

It is a well-settled general rule that an order on a section 388 petition is directly appealable. (*In re Meranda P.* (1997) 56 Cal.App.4th 1143, 1150.) The only exception to that rule obtains when the juvenile court issues an order on the petition in the course of

5

a hearing during which it also sets a date for selection of a permanent plan pursuant to section 366.26. (*Ibid.*) In that event, a party seeking to challenge any order made during the hearing may not appeal but must instead petition the reviewing court for an extraordinary writ. (§ 366.26, subd. (*l*); *In re Tabitha W.* (2006) 143 Cal.App.4th 811, 816-817 (*Tabitha W.*) [a party seeking to challenge orders made contemporaneously with the setting of a section 366.26 hearing must comply with subdivision (*l*) of that section, which requires review by extraordinary writ].)

Here, the denial of the section 388 petition did not occur at the same time as the setting of the section 366.26 hearing. Accordingly, mother's challenge of the denial was correctly raised in a properly noticed appeal. (§ 366.26, subd. (*l*); *Tabitha W.*, *supra*, 143 Cal.App.4th at pp. 816-817.) Nevertheless, the Department argues that mother forfeited her right to challenge the denial of the petition by not raising the issue in the writ proceeding, a claim based upon the faulty premise that the two orders are integrally related such that, if we reverse the juvenile court's denial of the section 388 petition, we must also reverse the order setting the permanent plan selection hearing. Reversal of the court's order on the section 388 petition does not confer jurisdiction on this court to reverse the setting order. That order is not before us in this appeal and, as explained *ante*, any order made when the section 366.26 hearing is set may be reviewed only upon timely receipt of a petition for an extraordinary writ. (§ 366.26, subd. (*l*); Cal. Rules of Court, rule 8.450; *Tabitha W.*, *supra*, 143 Cal.App.4th at pp. 816-817.)

6

Nor does the Department's claim find support in the case it cites, *In re Charmice G.* (1998) 66 Cal.App.4th 659.  There, the juvenile court denied a mother's section 388 petition in the course of the same hearing in which it set the matter for a permanent plan selection hearing.  (*Id.* at p. 661.)  The Fifth District rejected the mother's argument that the order on her petition was not " 'integrally related' " to the setting order and, therefore, should not be subject to the writ requirement.  (*Id.* at pp. 669-671.)  It explained that even if the writ requirement was subject to an integral relationship test—which it is not—collateral orders issued contemporaneously with the setting order are necessarily " 'integrally related' " so that reversal of the order on the section 388 petition requires reversal of the setting order.  (*Ibid.*)  The circumstances in this case are decisively distinguishable because the denial of mother's petition took place before the hearing during which the permanent plan selection hearing was set.

The summary denial of mother's section 388 petition

Mother argues the juvenile court abused its discretion when it failed to grant a hearing on her section 388 petition.  She claims her petition established the required prima facie showings of a change of circumstances and of benefit to the child to be placed with her with maintenance services or, in the alternative, for her to receive reunification services and liberalized visits.  We disagree.

Subdivision (a)(1) of section 388 provides in relevant part that a parent of a child who is a dependent of the juvenile court may, upon grounds of a change of circumstance, petition the court to modify or set aside a previous order made by that court.  The statute

7

plays a critical role in the dependency arena. It provides a means for the juvenile court to consider a legitimate change of circumstances even after termination of family reunification services, and it provides an opportunity to reinstate services in appropriate cases where so doing would be in the minor's best interest. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309; *In re Hunter S.* (2006) 142 Cal.App.4th 1497, 1506.)

In order to be entitled to a hearing on a section 388 petition, the parent must make a prima facie showing not only of a change in circumstances but also how the proposed modification of the prior order might advance the child's best interest. (§ 388, subds. (a)(1), (d); Cal. Rules of Court, rule 5.570(d); *In re G.B.* (2014) 227 Cal.App.4th 1147, 1157 (*G.B.*).) If, as here, a parent's petition includes a prayer for provision of reunification efforts, the parent must also make a prima facie showing that providing services might advance the child's need for permanency and stability. (*In re Stephanie M.* (1994) 7 Cal.4th 295, 317; *In re J.C.* (2014) 226 Cal.App.4th 503, 527.) If the parent's circumstances are changing but have not yet changed, the juvenile court may properly conclude that provision of services is contrary to the minor's interest in having a permanent and stable home. (*In re Casey D.* (1999) 70 Cal.App.4th 38, 47-48.)

The petition is to be liberally construed in favor of its sufficiency. (*In re Angel B.* (2002) 97 Cal.App.4th 454, 461.) The juvenile court may consider the entire procedural and factual history of the case when deciding whether the petition makes the necessary showing. (*In re Jackson W.* (2010) 184 Cal.App.4th 247, 258.) The prima facie

8

requirement is not met unless the petition contains facts that, if established at a hearing, would provide sufficient support for granting the petition. (*Ibid.*)

We review a juvenile court's summary denial of the petition for abuse of discretion. (*G.B.*, *supra*, 227 Cal.App.4th at p. 1158.) We will not disturb that court's decision unless we find it exceeded the limits of discretion by making an arbitrary, capricious, or patently absurd determination. (*In re Aaron R.* (2005) 130 Cal.App.4th 697, 705-706.)

The change in circumstances

It is quite difficult to make a showing of changed circumstances for the purposes of a section 388 petition when one of the conditions leading to a child being adjudged a dependent is the parent's substance abuse—a problem that is often not easily resolved or ameliorated. (*In re Ernesto R.* (2014) 230 Cal.App.4th 219, 225.) A parent with a long-standing substance abuse problem severe enough to cause the parent to be unable to provide adequate care for a child cannot show changed circumstances within the meaning of section 388 by showing recent sobriety and participation in a treatment program. (*Ernesto R.*, at p. 223.)

In this case, the juvenile court did not abuse its discretion when it denied mother's petition without a hearing. Even if a hearing established mother's progress in services as recited in the attachments to her petition, those efforts would not sustain an order to provide additional reunification efforts.

9

The record establishes that mother's drug abuse issues are long-standing and entrenched. She has been using methamphetamine on and off for 23 years, beginning in 1996 when she was 13 years old. Although she reported two significant periods of sobriety sometime before and during 2010 (once for six years and another time for a few years), she resumed use and was unable to stop when faced with the loss of her three eldest children even with provision of services. She continued to use drugs when pregnant with her fourth child, who was born in May 2017 with alcohol, opiates, and amphetamines in her system. At the time of the child's birth in July 2019, she said she had been drug-free for approximately three years with "only" three relapses. Even so, she reported using methamphetamine four or so days before the child was born.

The attachments to mother's section 388 petition reflect that she made commendable progress in her current efforts to address her substance abuse issues between August 2019 and February 2020. That progress, however, signals only that her circumstances were changing, not that they had changed. "It is the nature of addiction that one must be 'clean' for a much longer period than 120 days to show real reform." (*In re Kimberly F.* (1997) 56 Cal.App.4th 519, 531, fn. 9.) The need to demonstrate an extended period of sobriety is particularly acute where, as here, the parent has not been able to remain substance-free after remaining drug-free for long periods of time even when pregnant or when faced with the loss of her children. In view of the foregoing, the juvenile court did not abuse its discretion when it found mother's petition did not make a prima facie showing of changed circumstances.

The child's best interests

Even if the petition had sufficiently stated a change of circumstances, the juvenile court's summary denial was proper because she failed to make a sufficient showing that further reunification services would advance the child's best interests. In particular, she did not show how the proposed order would advance his interest in permanency and stability. The petition simply stated that mother had been visiting the child weekly and, according to her, they shared a "strong parental bond." By the time of the court's denial of the petition on May 5, 2020, the child was nine months old and had spent his entire life with his foster parent, Mrs. S. He had developed a close bond with Mrs. S., who wanted to adopt him and was committed to providing him a permanent home.

In view of mother's extensive substance abuse history, the child's need for permanency and stability, and the relationship he had developed with Mrs. S, the court did not abuse its discretion when it found mother's proposed change of order would not promote the child's best interests.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
                                                                    P. J.

We concur:

SLOUGH
                    J.

RAPHAEL
                    J.