Filed 8/13/14  In re Joshua C. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re JOSHUA C., a Person Coming Under the Juvenile Court Law. | B253596<br>(Los Angeles County<br>Super. Ct. No. DK02007) |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KIMBERLY M.,<br><br>    Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Julie Blackshaw, Judge.  Affirmed.

Megan Turkat Schirn, under appointment by the Court of Appeal, for Defendant and Appellant.

John F. Krattli, County Counsel, Dawyn R. Harrison, Assistant County Counsel and Jacklyn K. Louie, Deputy County Counsel for Plaintiff and Respondent.

This is an appeal by Kimberly M. ("mother") from the jurisdictional findings and disposition orders made at the December 18, 2013 hearing of the juvenile court. Proceedings commenced when mother, while receiving voluntary family maintenance services from the Los Angeles County Department of Children and Family Services ("DCFS"), tested positive for marijuana and methamphetamines. The juvenile court sustained jurisdiction under section 300, subdivision (b) of the Welfare & Institutions Code,[1] and made disposition orders. The court sustained allegations that mother's drug use and the domestic violence between mother and Kevin C. ("father") created a risk of harm to their children, Andrew C. (age 2) and Joshua C. (age 4). The court ordered the children remove from mother and placed with the maternal grandparents.

In this appeal, mother argues that there was insufficient evidence to support a finding of current or future risk of harm to the children due to the parents' substance abuse or domestic violence. She also contends that the court erred in removing the children from her care, because she had already arranged for their safe and loving care with maternal grandparents. We find substantial evidence for the jurisdictional findings and for removing the children from mother's care, and so affirm the judgment.


FACTUAL AND PROCEDURAL BACKGROUND

DCFS received a referral on October 19, 2012, for emotional abuse of the children by father, which was substantiated. It was alleged that father, in the children's presence, slapped mother and unplugged the telephone resulting in three hang-ups during attempted 911 calls. Father was thereafter arrested for spousal battery and for interfering with a 911 call.

Voluntary family maintenance, or VFM, services were initially offered to mother on January 31, 2013, which she declined. Later, on March 14, 2013, with the encouragement of her mother, she accepted them. Father's whereabouts were unknown at the time the original VFM case plan was developed. It was later learned that father

---

[1] All further statutory references are to the Welfare & Institutions Code.

was incarcerated at that time. He was later added as a participant in the VFM case plan in June 2013.

On October 23, 2013, DCFS obtained a protective custody warrant to detain Joshua and Andrew. The children were removed from the home of the maternal grandparents and placed in foster care. The warrant was based upon social worker interviews with the parents and law enforcement, along with the results of the parents' drug tests.

On October 8, 2013, the DCFS filed a petition under section 300, subdivisions (a) and (b), alleging that Joshua and Andrew came within the jurisdiction of the juvenile court due to domestic violence and drug abuse by their parents. At the detention hearing, the court found a prima facie case and the children were ordered to remain in foster care. The DCFS was ordered to prepare a pre-release investigation report for the maternal grandparents, and to provide reunification services to the parents.

On November 7, 2013, the children were ordered released to maternal grandmother. On December 5, 2013, the court ordered that the children were to remain with maternal grandmother.

On December 18, 2013, the juvenile court made jurisdictional findings and disposition orders. It sustained jurisdiction under section 300, subdivision (b) and found true the allegations set forth in counts b-1, b-2 and b-3. The allegations filed under section 300, subdivision (a) were dismissed. The children were ordered removed from their parents and placed with the maternal grandparents. The DCFS was ordered to provide parents with reunification services, which for mother included monitored visitation, drug/alcohol services, parenting and domestic violence classes.

On December 30, 2013, mother filed a notice of appeal, challenging the jurisdictional and dispositional findings and orders.

DISCUSSION

1. *Substantial evidence supports the juvenile court's assertion of jurisdiction over the children under section 300, subdivision (b)*

Mother contends that the evidence was presented to the juvenile court was insufficient for it to have asserted jurisdiction over the children pursuant to section 300, subdivision (b). This court, however, need not address the merits of mother's claim, for father did not contest the charges and did not appeal the finding of the juvenile court. It is not necessary for both parents to be offending parties for the juvenile court to assert jurisdiction over a child. (*In re I.A.* (2011) 201 Cal.App.4th 1484, 1491-1492.) "[I]t is necessary only for the court to find that one parent's conduct has created circumstances triggering section 300 for the court to assert jurisdiction over the child. [Citations.] Once the child is found to be endangered in the manner described by one of the subdivisions of section 300, . . . the child comes within the court's jurisdiction . . . . As a result, it is commonly said that a jurisdictional finding against one parent is '"good against both. More accurately, the minor is a dependent if the action of either parent bring[s] [the minor] within one of the statutory definitions of a dependent."' [Citations.] For this reason, an appellate court may decline to address the evidentiary support for any remaining jurisdictional findings once a single finding has been found supported by the evidence. [Citation]." (*Ibid.*)

Furthermore, mother challenges only two of the three findings constituting the basis for the juvenile court's assertion of jurisdiction over the children. Because there is another uncontested basis for jurisdiction, this court need not consider mother's other jurisdictional contentions. In other words, where one basis for jurisdiction is supported by substantial evidence, the reviewing court need not consider the sufficiency of the evidence to support the other bases. (*Randi R. v. Superior Court* (1998) 64 Cal.App.4th 67, 72.) The correctness of the overall jurisdictional ruling, not that of a particular subset within it, is the matter under review. (*In re La Shonda B.* (1979) 95 Cal.App.3d 593, 599-600.)

4

2. *Substantial evidence supports the juvenile court's removal of the children from the mother*

Mother contends that the juvenile court erred when it removed the children from her custody because she had made an appropriate plan for the children to be cared for by the maternal grandparents. We disagree.

Section 361, subdivision (c) states in pertinent part that the juvenile court may remove physical custody of a child or children from the parent where it finds by clear and convincing evidence that there is a substantial danger to the physical health, safety, protection, or emotional well being of the child or would be if the child were returned home and there were no reasonable means to protect the child without removal from the parent's physical custody.

Clear and convincing evidence "is for the edification and guidance of the trial court and not a standard of appellate review." (*In re I.W.* (2009) 180 Cal.App.4th 1517, 1525.) Rather, the determination of whether a child will suffer a substantial risk of detriment if returned to a parent or legal guardian is reviewed under the substantial evidence test. (*Angela S. v. Superior Court* (1995) 36 Cal.App.4th 758, 762; *In re Joanna Y.* (1992) 8 Cal.App.4th 433, 439; *In re Mario C.* (1990) 226 Cal.App.3d 599, 605.) Where there is any substantial evidence to support the judgment, contradicted or not, the appellate court must affirm the judgment. (*In re Tracy Z.* (1987) 195 Cal.App.3d 107, 113.)

First, it should be noted that mother never argued in the juvenile court for return of the children or that she had made an appropriate plan. Mother has therefore forfeited the argument. (*In re. S.B.* (2004) 32 Cal.4th 1287, 1293.)

Even if this court were to review the merits of mother's contention that she had an appropriate plan for care of the children, that is, a probate guardianship with the maternal grandparents as guardians, the guardianship had not been granted at the time of the jurisdictional/dispositional hearing. Moreover, it was not an appropriate plan under the facts of the present case. The maternal grandparents were not appropriate guardians. The maternal grandparents had a history of drug use and domestic violence, which they

denied. Additionally, paternal grandfather had been arrested for lewd and lascivious acts with a child, and mother, as a minor, had been the victim of such conduct.

Because the juvenile court's establishment of jurisdiction is supported by substantial evidence and given the absence of an appropriate plan of care for the children by mother, the juvenile court's removal order was correct.

DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

MINK, J.[*]

We concur:

TURNER, P.J.

KRIEGLER, J.

---

[*]     Retired judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.