[No. A069677. First Dist., Div. Five. July 11, 1995.]

ANGELA S., Petitioner, v.
THE SUPERIOR COURT OF MENDOCINO COUNTY, Respondent;
MENDOCINO COUNTY DEPARTMENT OF SOCIAL SERVICES, Real
Party in Interest.

## COUNSEL

Lewis L. Finch, under appointment by the Superior Court, for Petitioner.

No appearance for Respondent.

H. Peter Klein, County Counsel, and Sandra L. Applegate, Deputy County Counsel, for Real Party in Interest.

## OPINION

THE COURT.[1]—Petitioner Angela S. is the mother of two dependent children of the juvenile court, Octavio S. and Melissa S. Pursuant to California Rules of Court, rule 39.1B, petitioner filed a petition for extraordinary relief seeking review of the trial court's order setting a permanency planning hearing pursuant to Welfare and Institutions Code section 366.26.[2] The hearing is currently scheduled for July 27, 1995. We conclude the order

---

[1]Before Peterson, P. J., King, J., and Haning, J.

[2]All subsequent statutory references are to the Welfare and Institutions Code. All rule references are to the California Rules of Court.

setting the section 366.26 hearing is supported by substantial evidence. Accordingly, we deny the petition. We publish our opinion to provide guidance to the bench and bar. We anticipate that the issues raised by the petition will frequently arise in future cases, and we intend to refer to this opinion's resolution of the issues in future dispositions.

## I. PROCEDURAL BACKGROUND AND FACTS

Both petitioner and real party in interest, Mendocino County Department of Social Services, set out a complete factual history of the juvenile court proceedings to date. We see no need to recount that history herein, except when necessary to address petitioner's claims for extraordinary relief. Briefly, petitioner has shown a chronic inability to provide the basic necessities of life for her children due to substance abuse, emotional instability, and interpersonal relationships that place both herself and her children at risk. After the minors were removed from petitioner's custody because of chronic neglect, petitioner was repeatedly counseled to refrain from using drugs and alcohol, participate in a treatment program, participate in parenting classes, and maintain a stable living situation to prove to the court that she could adequately care for her children. Petitioner failed to make significant progress toward any of these goals. As the trial court noted, "The momentary progress that the mother has displayed from time to time has been followed by significant periods in which she reverted to her prior condition."

On March 30, 1995, the court reviewed the case of Melissa at an 18-month review hearing (§ 366.22), and concluded that petitioner had not complied with the reunification plan and had not made significant progress in eliminating the problems that led to the minor's out-of-home placement. The court made a similar finding with regard to Octavio at the 12-month review hearing. (§ 366.21, subd. (f).) The court terminated reunification services and ordered that a hearing be set pursuant to section 366.26 for implementation of a permanent plan for the minors.

---

Recent amendments to the Welfare and Institutions Code provide that a petition for extraordinary relief is generally the exclusive means by which an aggrieved party may challenge an order setting a permanency planning hearing. (§ 366.26, subd. (*l*).) These petitions for extraordinary relief are governed by procedures set forth in rule 39.1B. A discussion of the amendments and the rule 39.1B procedures is presented in *In re Shaundra L.* (1995) 33 Cal.App.4th 303, 306-316 [39 Cal.Rptr.2d 299] (*Shaundra L.*).

This petition followed.[3] Pursuant to rule 39.1B(k), real party in interest has submitted an opposition brief. Petitioner has waived oral argument. Pursuant to rule 39.1B(m), we now determine the petition on its merits.

## II. DISCUSSION

### A. *Sufficiency of Reunification Services*

Petitioner first raises an issue which arises in virtually every petition for extraordinary relief challenging the setting of a section 366.26 hearing: whether reunification services offered to the parent of a dependent child were adequate. This issue seems invariably briefed by counsel as if we conducted a trial de novo rather than appellate review. ■ We have previously cautioned counsel that fact-specific arguments which ignore the substantial evidence standard of review are not appropriate. (*James B.* v. *Superior Court* (1995) 35 Cal.App.4th 1014, 1021 [41 Cal.Rptr.2d 762].) In the future such arguments, which wholly ignore our function as an appellate court, may be deemed frivolous. We stress again that, with regard to the sufficiency of reunification services, our sole task on review is to determine whether the record discloses substantial evidence which supports the juvenile court's finding that reasonable services were provided or offered. (*Id.* at p. 1020; see also *Shaundra L.*, *supra*, 33 Cal.App.4th at p. 316.)

■ Petitioner argues that the reunification services that were offered to her did not adequately address her psychological impairments. She notes that a psychological report prepared shortly before the matter was set for a section 366.26 hearing revealed she was suffering from a personality disorder and had an IQ of 72. She claims that the reunification plan failed to address her psychological and comprehension problems as required under section 361.5.[4]

We have reviewed the record and find petitioner's argument unavailing. The fact that a parent suffers from emotional problems does not excuse her from the statutory requirement of participating in a reunification plan, as some capacity to achieve the reunification goals is presumed. (*In re Christina L.* (1992) 3 Cal.App.4th 404, 415 [4 Cal.Rptr.2d 680].) The record

---

[3]Counsel for Octavio's father has informed this court that she has contacted Octavio's father, who is currently residing in Mexico, but has received no directions with regard to the instant proceeding. Consequently, she has filed no writ petition on her client's behalf.

[4]We note that the psychological evaluation which serves as a springboard for petitioner's argument goes on to point out that petitioner is in "significant denial" regarding the role her drug usage has played in the loss of her children, and that she relies on a "projection of blame" to deal with her inability to follow through with treatment objectives. The trial court on this record reasonably and implicitly concluded that these attributes have far more to do with petitioner's inability to comply with the reunification plan than any shortcoming in the range of services offered.

reveals that petitioner has been offered a veritable plethora of services, including parent education classes, family preservation services, individual counseling, family therapy, and inpatient and outpatient drug and alcohol treatment. When petitioner indicated she had trouble getting to various appointments, bus vouchers, gas vouchers, and cab vouchers were offered. These services were extensive in nature; they were tailored to the problems underlying the dependencies, and they took into account petitioner's specialized needs.

The juvenile court concluded, and the record shows, that after receiving 18 months of services, petitioner failed to comply with the court-ordered reunification plan. In the words of the trial court, "More often than not the mother has not only ignored the department[']s requests and suggestions, but also she has actively attempted to avoid and thwart the department[']s programs." This finding is fully supported by the record which reveals that, throughout the reunification period, petitioner continued to test positive for drugs, continued to maintain an unstable lifestyle, and made only superficial stabs at participating in the court-ordered reunification plan—usually when a court date loomed in the foreseeable future. Petitioner's real problem was not a lack of services available but a lack of initiative to consistently take advantage of the services that were offered.

### B.   *Detriment to the Child by Return to Parental Custody*

Prior to setting a section 366.26 hearing, a court must determine, inter alia, that the dependent children will suffer detriment if returned to the physical custody of the parent. (§ 366.21.) Our review of this determination is necessarily also a review of the record for substantial evidence in support of the finding. (*Shaundra L.*, *supra*, 33 Cal.App.4th at p. 316.)

We find substantial evidence supports the trial court's finding of detriment if the minors were returned to petitioner. The evidence shows that after a lengthy reunification period, petitioner failed to meaningfully address the conditions that brought her children to the attention of the juvenile court, and that she was still quite unfit to care for her children. She continued to test positive for drug usage; she moved frequently from place to place; she failed to regularly attend therapy; she failed to complete the parenting class, and she continued to expose herself to domestic violence. A parent's failure to participate regularly in court-ordered treatment programs constitutes prima facie evidence that return would be detrimental. (§ 366.21, subd. (f).) Moreover, petitioner's recent psychological evaluation confirms that she would not prove to be an effective parent due to the extent of denial concerning her own substance abuse problems, her projection of blame onto

others, her lack of insight into her own psychological impairments, and her demanding nature in relation to the services provided her.

We reject petitioner's suggestion that Octavio's bond with his foster parents or a chaotic supervised visit with Melissa formed the primary basis for the court's detriment finding. Although mentioned at the hearing, these factors played a very small role in the court's overall finding of detriment. We have no difficulty concluding, on this record, that substantial evidence supports the juvenile court's finding there was a substantial risk of detriment if the minors were returned to petitioner.

III. DISPOSITION

The petition for extraordinary relief is denied on the merits. (See Cal. Const., art. VI, § 14; *Kowis* v. *Howard* (1992) 3 Cal.4th 888 [12 Cal.Rptr.2d 728, 838 P.2d 250].) Petitioner is barred in any subsequent appeal from making further challenges to the order terminating reunification services and setting a hearing under section 366.26. (See subd. (*l*)(1).) Since the permanency planning hearing is set for July 27, 1995, this opinion is final as to this court forthwith. (Rule 24(d).)

Petitioner's application for review by the Supreme Court was denied July 26, 1995.