46 Cal.App.4th 350 (1996)
In re SEAN S., a Person Coming Under the Juvenile Court Law.
ORANGE COUNTY SOCIAL SERVICES AGENCY, Plaintiff and Respondent,
v.
SIMONE S., Defendant and Appellant.
Docket No. G018125.
Court of Appeals of California, Fourth District, Division Three.
June 10, 1996.
*351 COUNSEL
Marsha Faith Levine, under appointment by the Court of Appeal, for Defendant and Appellant.
Terry C. Andrus, County Counsel, Laurence M. Watson, Chief Assistant County Counsel, and Amy E. Morgan, Deputy County Counsel, for Plaintiff and Respondent.
Harold LaFlamme and Jess Ann Hite, under appointments by the Court of Appeal, for Minor.
*352 OPINION
SILLS, P.J.
Simone S. appeals an order terminating her parental rights to Sean S. (Welf. & Inst. Code, § 366.26.) She (well, to be more precise, her attorney on appeal) claims the reunification services offered her by the social services agency were inadequate, and the juvenile court erred in denying her petition to set aside a prior order based upon a change of circumstances. The social services agency disputes those contentions. (1a) In addition, it contends the appeal must be dismissed because only Simone's trial attorney signed the notice of appeal and there is no evidence Simone actually consented to its filing.
(2) The rule is that a client's actual consent is required for an appeal from an order terminating parental rights pursuant to Welfare and Institutions Code section 366.26. (In re Alma B. (1994) 21 Cal. App.4th 1037, 1043 [26 Cal. Rptr.2d 592].) The primary reason is that juvenile dependency cases are "`civil in nature, designed not to prosecute a parent, but to protect the child.'" (In re Malinda S. (1990) 51 Cal.3d 368, 384 [272 Cal. Rptr. 787, 795 P.2d 1244].) Because the focus at the selection and implementation hearing is on the fundamental interest of the child "in the opportunity to experience a stable parent-child relationship" (Cynthia D. v. Superior Court (1993) 5 Cal.4th 242, 254 [19 Cal. Rptr.2d 698, 851 P.2d 1307]), a trial attorney has no legal or ethical duty to file a notice of appeal on behalf of a parent who has not consented to its filing. A lack of consent is shown when a parent, through his or her actions, demonstrates no true interest in preserving parental rights. And, when there is no demonstrated interest, to permit attorneys (on behalf of nonconsenting parents) to exhaust every avenue of appellate review would defeat the purpose of the law, since it would compel the minor to accept a secondary role at a time in the process when the minor's rights are greater than the parents' rights. (In re Elizabeth R. (1995) 35 Cal. App.4th 1774, 1787-1789 [42 Cal. Rptr.2d 200].)
(1b) A parent may demonstrate no true interest in preserving parental ties in a number of ways. Here, for example, while Simone was properly noticed of the selection and implementation hearing and could have attended, she telephoned her attorney and told him, quite simply, she was not going to appear. No explanation. She was just not going to show up. Clearly, a parent who voluntarily chooses not to appear at the selection and implementation hearing has functionally abandoned any parental interest in the minor. (Guillermo G. v. Superior Court (1995) 33 Cal. App.4th 1168, 1172 *353 [39 Cal. Rptr.2d 748] [unexplained and unexcused failure to appear for hearing by itself belies desire to preserve parental rights].)[1]
Those parents who wish to enjoy the vicissitudes of parenthood must make some sacrifices on behalf of their children. Appearing at a selection and implementation hearing that will decide the long-term placement of their children is one of those sacrifices which (absent some good excuse, of course) caring parents will make. If, however, they will not show up for even that hearing, they are sending an unmistakable message that they have no sincere interest in raising their children.
We recognize, as minor's counsel ably points out, that parents fail to appear at the selection and implementation hearing for numerous reasons. Many are angry. Others are in, as the pop psychologists say, "denial." And some, unable to come to accept their own inadequacies, simply blame the "system" for their problems. Perhaps not appearing at the hearing becomes their way of showing anger with the social worker and those involved in the system. Perhaps by not showing up they think they can fool themselves (and others) into believing that somehow it is the court which is responsible for the loss of their parental rights. But whatever the reason, the fact remains they voluntarily walked away from their children, and by doing so no trial attorney can infer consent or authorization to file a notice of appeal on their behalf.
Such disinterest in the children would probably be sufficient to affirm the judgment in most cases. However, coupling a parent's apparent lack of interest with trial counsel's unexplained inability to obtain the parent's signature on the notice of appeal compels dismissal of the appeal without considering the merits.[2]
*354 The appeal is dismissed.
Wallin, J., and Rylaarsdam, J., concurred.
Appellant's petition for review by the Supreme Court was denied August 28, 1996. Kennard, J., was of the opinion that the petition should be granted.
NOTES
[1] Simone attempts to avoid the consequences of her decision not to appear by insisting she was represented at the hearing through her guardian ad litem. She misses the point. While her guardian was there, the burden is on the parent who wants to maintain parental rights to appear and show some interest in the child's welfare. Moreover, while a guardian is a party's representative, he or she is not a party to the action and his or her power over the proceedings is very limited. (In re Christina B. (1993) 19 Cal. App.4th 1441, 1453 [23 Cal. Rptr.2d 918].) Here, Simone was quite capable of expressing her wishes and exercising her own judgment.
[2] We note Simone's arguments would not have carried the day in any event. First, she was offered adequate reunification services specifically tailored to meet her mental health problems. (Angela S. v. Superior Court (1995) 36 Cal. App.4th 758, 762 [42 Cal. Rptr.2d 755].) The record reflects she chose not to take advantage of them. Second, her motion under Welfare and Institutions Code section 388 could not show a change of circumstances because it was submitted to the court without any evidence.