Filed 10/10/13  Lisa R. v. Super. Ct. CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| LISA R.,<br><br>        Petitioner,<br><br>v.<br><br>THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>        Respondent;<br><br>SAN FRANCISCO HUMAN SERVICES AGENCY et al.,<br><br>        Real Parties in Interest. | A139106<br><br>(San Francisco City & County Super. Ct. Nos. JD12-3113, JD12-3113A, JD12-3113B) |

**MEMORANDUM OPINION**[1]

Lisa R. (Mother) is the mother of five children.  Her three youngest children L.R., A.R., and M.R., ages five, four, and two, respectively, are the offspring from her relationship with Anthony R., Sr. (Father).  L.R. and her two older half-siblings R.D. and K.D., were removed from their parents' care in February 2009.  L.R. was returned home in May 2010, and the dependencies as to the two older children were dismissed in November 2011, even though the parents did not complete a parenting education

---

[1] We resolve this case by a memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1 (a "memorandum or other abbreviated form of opinion" is appropriate when an appeal "rais[es] factual issues that are determined by the substantial evidence rule").  (§ 8.1(3).)

program, family therapy, or couples counseling. After the children were returned, "family members continued to express concerns that the children were being physically [and] emotionally abused and neglected."

On April 17, 2012, a second dependency petition as to Mother's three youngest children was filed alleging that she had failed to protect them from domestic violence perpetrated by Father. (Welf. & Inst. Code, § 300, subds. (b), (g), & (j).)[2] Mother had reported to the police that Father stole her gun with ammunition and threatened to kill her and her children if she called the police. Mother initially consented to a safety plan in which she agreed, among other things, to obtain a restraining order against Father.[3] Rather than comply with the plan, she took the children and joined Father when he was released from jail, and remained with him until he was arrested again a few days later. Her three youngest children were then placed in foster care.

At the jurisdiction hearing held on June 6, 2012, the juvenile court sustained the petition as amended. The jurisdiction report filed by the San Francisco Human Services Agency (Agency) concluded that Mother "has physically and emotionally abused [her children] and allowed her partner to abuse [them] for years." Noting the family had already been provided with services in connection with the 2009 dependency proceeding, the Agency reluctantly recommended services for Mother with respect to the three youngest children, but "only because a permanent plan cannot be made for those children until [Father] receives the six months of services to which he is legally entitled." While not optimistic about the prognosis for the family, the Agency did acknowledge that Mother had recently engaged in services since the children were detained. Reunification services were ordered for Mother.

---

[2] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

[3] The Agency's motion to augment the record to include the detention/jurisdiction report filed on April 17, 2012 is granted.

At the contested six-month status review hearing held on June 7, 2013, the Agency reported that Mother was not benefitting from the services provided to her in an effort to reunify with her three youngest children. While she had participated well in her visits with her children, she reportedly evidenced "no insight into how her behaviors and the behavior of the men in her life has negatively impacted her children." She also presented with "extensive mental health issues," including "a pattern of denying and minimizing trauma." L.R. and A.R. exhibited problems commonly associated with abuse and exposure to domestic violence. Their therapist did not believe family therapy would be appropriate as both parents were in denial as to the abuse the children had suffered. Mother had undergone a comprehensive psychological evaluation, and while she had obtained some counseling on her own, she had not engaged in it consistently and did not appear to want to work with a skilled clinic therapist. The doctor who performed the psychological evaluation diagnosed her as having a personality disorder, characterizing her level of denial as "catastrophic." Mother was also reluctant to complete any further parenting classes.

On June 14, 2013, the juvenile court issued its order terminating Mother's reunification services and scheduling a permanency planning hearing pursuant to section 366.26. The court recognized that Mother had participated in her treatment plan. However, the court concluded she had not made substantive progress in incorporating services in such a way that she could protect her children. The court also found there was not a substantial probability of return of the children to Mother in the next six months.

On July 24, 2013, Mother filed the instant petition for an extraordinary writ in this court seeking an order directing the juvenile court to vacate its section 366.26 order and restore reunification services. Mother contends the lower court made errors of law in evaluating her degree of progress and in failing to make the requisite findings. She also asserts the Agency failed to provide reasonable services to her in that it did not offer services specifically designed to help her overcome the problems that led to the removal of her children. The factual circumstances underlying Mother's claims of error are

3

known to the parties and are summarized in Mother's memorandum of points and authorities in support of her petition.

The standard of review for orders terminating reunification services and setting a permanency planning hearing under section 366.26 is whether substantial evidence supports the challenged orders. (*In re Albert T.* (2006) 144 Cal.App.4th 207, 216–217 [review of orders under § 361.5]; *Angela S. v. Superior Court* (1995) 36 Cal.App.4th 758, 763 [review of orders under § 366.26].)

"Under this standard of review we examine the whole record in a light most favorable to the findings and conclusions of the juvenile court and defer to the lower court on issues of credibility of the evidence and witnesses. [Citation.] We must resolve all conflicts in support of the determination and indulge all legitimate inferences to uphold the court's order. Additionally, we may not substitute our deductions for those of the trier of fact." (*In re Albert T., supra,* 144 Cal.App.4th at pp. 216–217.) If there is substantial evidence in the record to support the challenged orders, then the appellate court must affirm. (*Ibid.*)

Here, the two youngest children were under the age of three at the time of removal. Ordinarily, when a child under the age of three years is removed from parental custody, reunification services are not to exceed a six-month period. (§§ 361.5, subd. (a)(2), 366.21, subd. (e).) (See *Daria D. v. Superior Court* (1998) 61 Cal.App.4th 606, 611–612 ["The stated purpose of the new six-month provisions is to give juvenile courts greater flexibility in meeting the needs of young children, 'in cases with a poor prognosis for family reunification, (e.g., chronic substance abuse, multiple previous removals, abandonment, and chronic history of mental illness).' [Citation.]"].) Section 366.21, subdivision (e), provides that if the court finds at the six-month review hearing that the parent has failed to participate and make substantive progress in his or her court-ordered treatment programs, the parent is not entitled to further services unless the court finds a substantial probability that the child will be returned to parental care within six months or

4

that reasonable services have not been provided.[4]  Mother contends the language of section 366.21, subdivision (e), means that the Agency was required to prove *both* prongs of a two-part test.  She claims that because the statute calls for evidence that "the parent failed to participate regularly *and* make substantive progress in a court-ordered treatment plan," the Agency must prove *both* conditions before services can be discontinued.  She cites no authority for this interpretation and we decline to adopt it.[5]

The record supports the juvenile court's finding that Mother made efforts to participate in her case plan.  However, that is not enough.  Section 366.21, subdivision (e), requires that the juvenile court find *both* regular participation *and* substantive progress.  Although availing oneself of the services and technical compliance with one's case plan is an important consideration with respect to the juvenile court's decision to continue or terminate reunifications, it is not determinative.  (*In re Dustin R.* (1997) 54 Cal.App.4th 1131, 1141–1142.)  Rather, the court's decision turns on whether the parent's progress has eliminated the conditions leading to the child's placement out of the home.  (*Ibid.*)  Moreover, substantive progress implies real rather than apparent progress and real progress implies progress that can be sustained.  If the purpose of the reunification plan is family preservation, then the court *must* be able to find that the offending parent resolved the problem necessitating the child's removal and that the parent can provide for the child's safety and well-being.  (*Jennifer A. v. Superior Court* (2004) 117 Cal.App.4th 1322, 1343–1345.)

Thus, the issue before us is whether Mother made substantive progress in alleviating the causes that led to the children being placed in foster care—namely, the

---

[4] The statutory language provides:  "If the child was under three years of age on the date of the initial removal, or is a member of a sibling group described in subparagraph (C) of paragraph (1) of subdivision (a) of Section 361.5, and the court finds by clear and convincing evidence that the parent failed to participate regularly and make substantive progress in a court-ordered treatment plan, the court may schedule a hearing pursuant to Section 366.26 within 120 days."  (§ 366.21, subd. (e).)

[5] Mere participation in services is not an indicator of parental improvement if the parent continues his or her pattern of behavior.  (*Dawnel D. v. Superior Court* (1999) 74 Cal.App.4th 393, 398, disapproved on other grounds in *Tonya M. v. Superior Court* (2007) 42 Cal.4th 836, 848.)

domestic violence issues involving Mother and Father. The juvenile court found Mother had not made substantive progress in incorporating the services in such a way that she can protect her children. The Agency's social worker reported Mother first told her that she and Father had spanked the children, but never abused them. She later admitted that she had hit the older children, but claimed she never hit the younger ones. When asked why the younger children reported that Mother had hit them if it were not true, she responded that the current foster parents must be brainwashing them. From this evidence, the court reasonably inferred that Mother has a chaotic pattern of denying, minimizing, or acquiescing to the possibility that violence had been perpetrated on her children.

Our review of the record finds substantial evidence to support the juvenile court's finding that Mother failed to make substantive progress notwithstanding her participation in her court-ordered treatment plan. Mother still had unresolved issues after she had reportedly received approximately 33 months of services in the first dependency proceeding and six months of additional services in this dependency case. A parent who fails to make substantive progress continues to represent a risk to the child. We thus find no error in the court's decision to terminate reunification services.

As to Mother's second claim that the Agency failed to provide reasonable services, in reviewing the reasonableness of the services provided, "this court must view the evidence in a light most favorable to the [Agency]. We must indulge in all reasonable and legitimate inferences to uphold the judgment. [Citation.] 'If there is any substantial evidence to support the findings of the juvenile court, [we are] without power to weigh or evaluate the findings.' " (*In re Ronell A.* (1996) 44 Cal.App.4th 1352, 1361–1362.) Mother claims the agency abandoned its efforts and duty to assist her in reunifying after it received the psychologist's evaluation. While she goes to great lengths to criticize this evaluation, she fails to prove a nexus between the evaluation and the Agency's subsequent conduct.

Here, the record shows the Agency's efforts to provide Mother with services were substantial. The Agency worked with Mother to get a restraining order against Father,

6

arranged for her psychological evaluation, referred her to parenting classes, referred her to a domestic violence specialist worker and to the Riley Center for domestic violence education, referred her to individual therapy, and arranged for therapeutic visitation with her children. Reunification services need not be perfect: "In almost all cases it will be true that more services could have been provided more frequently and that the services provided were imperfect. The standard is not whether the services provided were the best that might be provided in an ideal world, but whether the services were reasonable under the circumstances." (*In re Misako R.* (1991) 2 Cal.App.4th 538, 547.) We also note Mother resisted some of the Agency's recommendations. Under the standard of review that we must apply, we cannot conclude that the Agency failed to provide reasonable services.

Mother's petition for an extraordinary writ is denied on the merits. (See *Kowis v. Howard* (1992) 3 Cal.4th 888, 894.) The decision is final in this court immediately. (Cal. Rules of Court, rules 8.452(i), 8.490(b)(3).) Mother's request to stay the hearing under section 366.26 is denied.


_____
Dondero, Acting P.J.


We concur:


_____
Banke, J.


_____
Sepulveda, J.*


7

\* Retired Associate Justice of the Court of Appeal, First Appellate District, Division Four, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.