Filed 5/3/23  In re Mytashai C. CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re MYTASHAI C., et al., Persons Coming Under the Juvenile Court Law. | B323723 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>N.B.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. 18CCJP04390G-K) |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa Brackelmanns, Commissioner.  Affirmed.

Suzanne Davidson, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, Stephen Watson, Senior Deputy County Counsel, for Plaintiff and Respondent.

—————————————————

N.B. (mother) appeals from the juvenile court's order following a contested 12-month review hearing in the dependency case relating to her five minor children. Mother contends that the Department of Children and Family Services (Department) failed to meet its burden of proving that the two oldest children, referred to here as daughter and son[1], would be at risk of substantial detriment if returned to her custody. We conclude that substantial evidence supports the court's order, which we affirm.

**FACTUAL AND PROCEDURAL BACKGROUND**

This is Mother's third appeal of court orders arising from this dependency case. Mother's first appeal was from the court's order following a dispositional hearing on July 16, 2021. We affirmed the court's findings and orders in an unpublished opinion. (*In re M.C.* (June 23, 2022, B314143) [nonpub. opn.].) Mother's second appeal was from the court's findings and orders made at the six-month review hearing. That appeal was dismissed on January 23, 2023. The present appeal is from the trial court's findings and orders entered following the 12-month review hearing on September 12, 2022.

---

[1] Because the two children relevant to this appeal have the same initials, we refer to them as daughter and son, meaning no disrespect to mother or to either child.

On July 15, 2021, the court sustained charges against mother for physical and emotional abuse of daughter (including allegations that mother struck daughter with her fists and an extension cord and threatened to kill daughter with gasoline and by shooting her), substance abuse endangering the children, and for leaving the children for days at a time without adult supervision. Mother was ordered to attend parenting classes, to attend individual counseling for herself and joint counseling with daughter, to obtain a mental health evaluation, and to submit to random drug tests. She was also ordered to have a minimum of nine hours of weekly monitored visits with her children. At the six-month review hearing, the court reviewed mother's progress with her reunification plan and ordered that reunification services continue while the children remained out of her physical custody.

In anticipation of the 12-month review hearing, the Department prepared a report detailing mother's progress toward family reunification. That report noted that mother had completed domestic violence and parenting classes, and was participating in individual counseling and group sessions for coping with anxiety. Mother had not, however, obtained a mental health evaluation and was not attending joint counseling sessions with daughter, who was "not interested in participating in anything" with mother. During the six months prior to the hearing, mother failed entirely to submit to random drug tests. Mother no-showed 11 times. She tested negative three times on dates that she selected. Mother made contradictory statements that she was unavailable to test because she was driving "all over the County for her business" but also that she did not have money for gas to visit the children. In its report, the Department

noted that the drug testing site was very close to mother's residence.

The Department reported that mother visited son weekly, and that son wanted to return to mother's custody. Son called or texted mother daily about attending her drug tests. Mother also visited daughter, but daughter expressed no interest in returning to live with mother. Mother did not regularly visit the three younger children.

Mother asked the Department to help her pay for gas to visit her children, but the Department reported that she failed to provide follow up information necessary to process her request. The Department noted that it had given mother gas money in December 2021 to permit her to visit her children, but that "mother did not go see her children. Not even for Christmas." Overall, the Department concluded that despite completing certain of the court ordered programs, mother had "not learned" from them. The Department stated that mother "demonstrate[d] a lack of accountability," "continue[d] to blame others for the consequences of her actions" and was "not forthcoming with the Department." The Department accordingly recommended that daughter and son remain with their respective caregivers.

At the 12-month review hearing, mother requested that the children be returned to her or, in the alternative, that the court order unmonitored or extended visits. Following argument, the court found that although mother had made progress, it was not "substantial." The court further found "that continued jurisdiction [was] necessary because conditions continue to exist which justified the court taking jurisdiction," specifically pointing to mother's failure to test consistently and "demonstrate her sobriety." The court found that the "return of the children to the

4

physical custody of the parents would create a substantial risk of detriment to the children's safety, creating a continuing necessity for the appropriateness of the current placement," language that was repeated in the court's written order.  The court ordered that family reunification services continue for another six months.  The court also ordered that mother would be allowed unmonitored visits with daughter and son after submitting six consecutive "clean" drug tests.  In addition, the court ordered the Department to "explore all available funds to provide mother with transportation assistance" for visitation and drug testing.

The court entered its 12-month review order on September 12, 2022.  Mother filed a timely notice of appeal on September 16, 2022.[2]  We have jurisdiction under Welfare & Institutions Code section 395, subdivision (a)(1), and Code of Civil Procedure section 904.1, subdivision (a)(2).

<b>DISCUSSION</b>

### A. Standard of review

At a 12-month review hearing, the court is required to return the child to the parent's physical custody "unless the court finds, by a preponderance of the evidence, that the return of the child to their parent . . .  would create a substantial risk of detriment to the safety, protection, or physical or emotional well-being of the child."  (Welf. & Inst. Code, §366.21, subd (f)(1).)[3] The Department bears the burden of proof.  (*Ibid.*)

---

[2]    Although the order affects all five children, mother's arguments on appeal address only visitation with and custody of daughter and son.

[3]    Further statutory citations are to the Welfare & Institutions Code unless otherwise stated.

We review the order to determine whether the juvenile court's finding of a "substantial risk of detriment" is supported by substantial evidence. (*J.H. v. Superior Court* (2018) 20 Cal.App.5th 530, 535; see also *In re Kristin H.* (1996) 46 Cal.App.4th 1635, 1649.) "We do not pass on the credibility of witnesses, attempt to resolve conflicts in the evidence or weigh the evidence. Rather, we draw all reasonable inferences in support of the findings, view the record favorably to the juvenile court's order and affirm the order even if other evidence supports a contrary finding." (*In re James R.* (2009) 176 Cal.App.4th 129, 135; see also *In re Isabella F.* (2014) 226 Cal.App.4th 128, 137-138 [same].)

### B. Substantial evidence supports the court's order

Mother contends that substantial evidence did not support the court's determination that returning the two children to mother's custody would place them at substantial risk of detriment. She argues that she had completed parenting and individual counseling and that other aspects of her case plan were unnecessary or impractical.

In reviewing whether the record contains substantial evidence to support the court's finding of detriment, "we must keep in mind that the purpose of the reunification plan is 'to overcome the problem that led to removal in the first place.'" (*In re Mary B.* (2013) 218 Cal.App.4th 1474, 1483.) The juvenile court sustained the petition based in part on mother's substance abuse. And while the court found that mother had made progress with her court ordered programs, it also noted that she had failed to consistently drug test and found that "continued jurisdiction [was] necessary because conditions . . . exist which justified the

6

court taking jurisdiction." Substantial evidence supported the court's finding.

"Detriment can be shown many different ways." (*A.H. v. Superior Court* (2010) 182 Cal.App.4th 1050, 1059.) Section 366.21, subdivision (f)(1)(B), specifically provides that parental failure "to participate regularly and make substantive progress in court-ordered treatment programs shall be prima facie evidence that return would be detrimental." (See also *Angela S. v. Superior Court* (1995) 36 Cal.App.4th 758, 763 [same].) The evidence at the hearing showed mother had failed to make substantive progress in her court-ordered programs. The Department had noted that despite completing some classes mother had "not learned" from them and "demonstrate[d] a lack of accountability." Regarding the order to submit random drug tests the evidence was even more clear. Between January and August of 2022, mother never once submitted to a random drug test, and no-showed 11 times. "[A] missed drug test, without adequate justification, is 'properly considered the equivalent of a positive test result.' " (*In re Kadence P.* (2015) 241 Cal.App.4th 1376, 1384; see also *In re Christopher R.* (2014) 225 Cal.App.4th 1210, 1217 [same].) Although mother submitted three negative tests, they are of little value because they were conducted on dates mother chose, and therefore not "random." What is more, mother offered contradictory explanations for not testing, stating that "her business" required her to drive all over the county, but also claiming that she lacked money for gas to attend tests or to visit her children. And she failed to take up offers from the Department to test at sites that were closer to her school or any other location in the county.

Mother also argues that the court did not take into account son's expressed wish that he return to mother's custody, or to the statement by counsel for daughter that her relationship with mother had improved significantly.[4]  However, as mother herself acknowledges, a child's preference is an important but not a dispositive factor.  (*In re Patrick S.* (2013) 218 Cal.App.4th 1254, 1265 ["[A] child's preference is not the deciding factor in a placement decision, even when that child is a teenager."]; see also *In re John M.* (2006) 141 Cal.App.4th 1564, 1570 [13-year-old boy "was entitled to have his wishes considered [but] he was not entitled to decide where he would be placed."].)

---

[4]    As regards daughter, at least, the evidence is in conflict: According to the Department, daughter expressed "no interest in returning [to] her mother."

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

HEIDEL, J.*

We concur:

LAVIN, Acting P. J.

EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.