Filed 2/7/24  P. v. L.P. CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| In re L.P. et al., Persons Coming Under the Juvenile Court Law. | B324736 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 22CCJP02180A, B) |
| Plaintiff and Respondent, | |
| v. | |
| BILL E., | |
| Defendant and Appellant. | |

APPEAL from findings and order of the Superior Court of Los Angeles County, Linda Sun, Judge. Affirmed.

Gina Zaragoza, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Sarah Vesecky, Deputy County Counsel, for Plaintiff and Respondent.

## INTRODUCTION

The juvenile court found that Bill E. (Father) committed sexual abuse on his step-daughter L.P. Father does not challenge these findings as to his step-daughter; he appeals from the juvenile court's jurisdictional findings only as to his minor son, L.E. Father argues the juvenile court erred in exercising dependency jurisdiction over L.E. because he was not at risk of sexual abuse or other harm by the time the jurisdictional hearing was held. Conversely, the Los Angeles Department of Children and Family Services (DCFS) contends Father forfeited his challenge to jurisdiction when he asked the court to sustain the sexual abuse count and dismiss a second count alleging alcohol abuse. DCFS also contends Father's appeal is moot because the juvenile court has terminated jurisdiction and issued a custody order granting physical custody of L.E. to his mother, legal custody of L.E. to both parents, and unsupervised visitation of L.E. to Father.

We affirm on the merits.

## FACTUAL AND PROCEDURAL BACKGROUND

Before the petition was filed, L.E. (born May 2013) lived with Father, his mother, and his half-sister L.P. (born June 2008). In April 2022, L.E. came to the attention of the DCFS after L.P. disclosed that six months earlier in September 2021, Father, while drunk, had inappropriately touched her. Both children were detained from Father on June 1, 2022.

On June 6, 2022, DCFS filed a petition pursuant to Welfare and Institutions Code[1] section 300. The petition alleged that in

---

[1] Undesignated statutory references are to the Welfare and Institutions Code.

September 2021, Father sexually abused L.P. by laying on a futon with her, rubbing her stomach, fondling her thigh and breasts and sliding his hand down her shorts/underwear, and touching the top of her vagina. L.P disclosed the abuse to her mother who allowed Father to continue to live in the home and have access to L.P, placing L.P. as well as L.E. at risk of serious physical harm. The petition also alleged Father's history of and current abuse of alcohol rendered him incapable of providing regular care to both children and that mother failed to protect them notwithstanding her knowledge of Father's alcohol abuse.

Father was interviewed on May 21, 2022 and stated, "I don't know" what happened. He said he had no recollection of what occurred that weekend night and the only thing he does remember is having a hangover. He was first made aware of the situation when L.P. told mother on Monday. He tried going to AA meetings but said he was "ashamed. How can I confess what I almost did to my own daughter? I'm so embarrassed. I'm crying. I don't cry ever ask [L.P.'s Mother]."

On June 20, 2022, the juvenile court ordered L.E. detained from Father and released him to his mother. Father was granted monitored visitation with his son and ordered to have no contact with L.P. On July 22, 2022, Father was charged with three criminal misdemeanors (annoying a child under the age of 18, sexual battery, and attempted sexual battery) based on his conduct in September 2021.

On October 11, 2022, the juvenile court adjudicated the petition against both parents and, as to L.E., found him at risk of sexual abuse under section 300, subdivision (b)(1), (d), and (j). The court found L.P. very credible. Father argued that because there was no actual penetration, there was no sexual gratification

3

and therefore no sexual abuse. In response the court stated, "Even though there is no penetration, it's not accidental touching at all. The father started touching her stomach and touched her boobs and in a rubbing motion. And when she pushed his hands away, he went under to try and touch her vagina. And when she stood up to go to the bathroom, the father asked her to return. If that is not sexual gratification, I don't know what it is. And the father himself also admitted that he is ashamed. He admitted that he is ashamed and embarrassed, and he cried during his AA meetings."

The juvenile court also found "father's abhorrent sexual behavior would jeopardize a male child as well." The court dismissed the count alleging Father's chronic alcohol abuse "for lack of future risk. But that is not to say that the father was not struggling with sobriety. It is just that he has taken care of it now, and he had been actively addressing his alcohol issue since the incident."

Both children were declared dependents of the court. L.E. was placed with his mother and removed from Father, who was ordered to participate in weekly random drug testing, a parenting course, sexual abuse awareness counseling for perpetrators, and individual counseling. Father timely appealed.

Six months later, the court terminated jurisdiction as to L.E. and issued a custody order granting sole physical custody of L.E. to his mother, joint legal custody of L.E. to both parents, and unsupervised visitation with L.E. to Father.[2]

---

[2] We grant Father's request to take judicial notice of the orders terminating jurisdiction and determining custody. We exercise our discretion to adjudicate the appeal on the merits. (*In re D.P.* (2023) 14 Cal.5th 266, 285–287.)

4

## DISCUSSION

*Substantial Evidence Supports the Court's Assertion of Dependency Jurisdiction.*

Father argues that by the time of the jurisdictional hearing, he had stopped drinking and begun attending Alcoholics Anonymous meetings. Therefore, L.E. was not at risk of physical harm because his sexual acts with L.P. were the result of his own alcohol abuse. He also argues that his sexual acts were too insignificant to support a finding of risk to L.E. and that L.E., a male child, was not at risk of sexual abuse because his abused sibling, L.P., was female.

### 1.    Standard of Review

A jurisdictional finding that the minor is a person described in section 300 must be made by at least a preponderance of the evidence. (§ 355, subd. (a); *Cynthia D. v. Superior Court* (1993) 5 Cal.4th 242, 248.) Section 300, subdivision (b)(1), requires DCFS to demonstrate the following three elements by a preponderance of the evidence: (1) neglectful conduct, failure, or inability by the parent; (2) causation; and (3) serious physical harm or illness or a substantial risk of serious physical harm or illness. (*In re Joaquin C.* (2017) 15 Cal.App.5th 537, 561.) The relevant inquiry under section 300, subdivision (b)(1), is whether circumstances at the time of the jurisdictional hearing " 'subject the minor to the defined risk of harm.' " (*In re T.V.* (2013) 217 Cal.App.4th 126, 133.)

In reviewing a challenge to the sufficiency of the evidence supporting jurisdictional findings and related dispositional orders, we "consider the entire record to determine whether substantial evidence supports the juvenile court's findings." (*In re T.V., supra*, 217 Cal.App.4th at p. 133; accord, *In re I.J.* (2013)

56 Cal.4th 766, 773.) "Substantial evidence is evidence that is 'reasonable, credible, and of solid value'; such that a reasonable trier of fact could make such findings." (*In re Sheila B.* (1993) 19 Cal.App.4th 187, 199.)

In making our determination, we " ' "do not reweigh the evidence or exercise independent judgment, but merely determine if there are sufficient facts to support the findings of the trial court." ' " (*In re I.J.*, *supra*, 56 Cal.4th at p. 773; see *In re Alexis E.* (2009) 171 Cal.App.4th 438, 451.) We uphold the juvenile court's findings unless they are " ' "so lacking in evidentiary support as to render them unreasonable." ' " (*Jamieson v. City Council of the City of Carpinteria* (2012) 204 Cal.App.4th 755, 763.) "The parent has the burden on appeal of showing there is insufficient evidence to support the juvenile court's order." (*In re Isabella F.* (2014) 226 Cal.App.4th 128, 138.)

2.    Applicable Law

Section 300, subdivision (b) authorizes a juvenile court to exercise dependency jurisdiction over a child if the "child has suffered, or there is a substantial risk that the child will suffer, serious physical harm or illness, as a result of" the "failure or inability of the child's parent . . . to adequately supervise or protect the child" or the "willful or negligent failure" of the parent "to adequately supervise or protect the child from the conduct of the custodian with whom the child has been left" or by the "willful or negligent failure of the parent . . . to provide the child with adequate food, clothing, shelter, or medical treatment." (§ 300, subd. (b)(1).) "The court need not wait until a child is seriously abused or injured to assume jurisdiction and take the steps necessary to protect the child." (*In re R.V.* (2012) 208 Cal.App.4th 837, 843; see *In re T.V.*, *supra*, 217 Cal.App.4th

6

at p. 133 [the "focus of section 300 is on averting harm to the child"].)

3.  Analysis

We review the trial court's finding of a risk of detriment under the substantial evidence standard of review. (*Angela S. v. Superior Court* (1995) 36 Cal.App.4th 758, 763.)

Based on our review of the entire record, we conclude the juvenile court's jurisdictional finding of a substantial risk of detriment to L.E. is supported by substantial evidence.

The jurisdictional hearing occurred six months after the sexual touching of L.P. by Father. During those six months, Father moved out of the family home and stopped drinking. He also began attending AA meetings.

Nevertheless, these positive acts by Father do not overcome other factors supporting the juvenile court's finding of substantial risk of detriment to the children. First, there is no evidence in the record that drinking was the sole cause of Father's aberrant behavior. While he and Mother contended as much before the juvenile court, at the time of the jurisdictional hearing it was still an open question why Father had admittedly chosen to sexually touch L.P. Consequently, without an answer to that question, substantial evidence supported the finding that both children were at substantial risk of physical and emotional harm.

Second, at the jurisdictional hearing, Father did not argue that the sexual acts did not happen; indeed, he had admitted them when interviewed by DCFS. He submitted on the sexual touching allegations (other than to point out that no penetration occurred) and instead asked the court to dismiss the remaining allegation that he had an alcohol problem that put the children in harm's way. He told the court he had stopped drinking after the

7

incident. As stated above, that he stopped drinking did not solve the conundrum of why the uncontested sexual acts happened in the first place and whether L.E. would be subject to similar acts in the future as well.

Father also argued that because L.P. left the futon for the protection of her brother's bedroom before acts of penetration could occur, the abuse was not significant enough to warrant a finding of risk of physical harm to L.E. We disagree. That penetration did not occur does not negate or undermine the risk created to both children by the uncontested sexual acts committed on L.P. by Father. Sexual assault is defined in Penal Code section 11165.1 as "intentional touching of the genitals or intimate parts, including the breasts, genital area, groin, inner thighs, and buttocks, or the clothing covering them, of a child . . for purposes of sexual arousal or gratification . . . ." (Pen. Code, §11165.1, subd. (4).) The juvenile court's findings that Father acted for the purpose of sexual gratification were strongly supported by the fact that Father continued to physically molest L.P. despite her pushing him away several times. Then he asked her to return to the futon when she told him she had to get up to use the bathroom. Father's touching of L.P. fully supported the juvenile court's findings and exercise of jurisdiction. And, as explained below, the juvenile court's findings properly supported the exercise of jurisdiction over L.E. as well.

That L.E. is a male does not negate the risk posed to him by his father's unexplained and prolonged acts against L.P. Sexual abuse of a child by a parent places the victim's male and female siblings who remain in the home at risk of similar aberrant sexual behavior. (*In re I.J., supra,* 56 Cal.4th at pp. 779–780; *In re Ricky T.* (2013) 214 Cal.App.4th 515, 517; *In re*

8

*Karen R.* (2001) 95 Cal.App.4th 84, 90–91; *In re P.A.* (2006) 144 Cal.App.4th 1339, 1347.)  Father's behavior toward L.P. in the family home is a " 'betrayal of the appropriate relationship between the generations' " and an abandonment and violation of the parental role.  (*In re I.J.,* at p. 778.)

## DISPOSITION

The juvenile court's jurisdictional order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

GRIMES, J.

VIRAMONTES, J.

9