Filed 2/3/26  M.R. v. Superior Court CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| M.R. et al., | B348125 |
| Petitioners, | Los Angeles County Superior Court No. 23CCJP00058A-C |
| v. | |
| SUPERIOR COURT OF LOS ANGELES COUNTY, | |
| Respondent; | |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES et al., | |
| Real Parties in Interest. | |

ORIGINAL PROCEEDINGS; petition for extraordinary writ.  Juan M. Valles, Commissioner Presiding.  Petition denied.

M.R., in pro. per., for Petitioner.

E.J., in pro. per., for Petitioner.

No appearance for Respondent.

Dawyn R. Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Brian Mahler, Deputy County Counsel, for Los Angeles County Department of Children and Family Services.

Children's Law Center of California and Daniel Szrom for Minors.

———————————————

The mother of three children, and the father of two of these children, petitioned this court after the juvenile court terminated family reunification services.  The petitions violate applicable court rules and fail to establish error.  We deny both petitions. Statutory references are to the Welfare and Institutions Code. Rule references are to the California Rules of Court.

I

The procedural history of this case is long and involved. No parent appealed any decision by the juvenile court before now. We focus on facts relevant to the challenged ruling.

The three children are now seven, four, and two.  The two younger children are the father's children.  The father of the oldest child opted out of the picture.  We do not discuss him further.

The two older children became dependents in 2023.  The mother continued to see the father despite a restraining order protecting her from him.  The juvenile court sustained allegations of domestic violence and parental neglect.  Thereafter the mother gave birth to the youngest child.

The mother completed services, and the court returned the children to her custody in May 2024.  The Los Angeles County Department of Children and Family Services remained concerned for the children's safety.

2

After another referral, the mother left the state with all three children. Authorities eventually recovered the children and placed them in foster care in California. The father joined the mother in Washington. Neither parent returned to California.

The youngest child had a broken clavicle. The mother could or would not explain how the injury occurred or what she did about this injury.

In January 2025, the juvenile court sustained additional allegations encompassing all three children. The court again ordered family reunification services. It entered case plans for the parents requiring individual counseling, parenting classes, and a domestic violence program, among other things.

The Department catalogued the parents' delays in starting these programs, their refusals to speak with the social worker and others on the family's team, reports of their continued volatile relationship, their poor quality remote visits with the children, and the negative effects these visits had on the children.

At the review hearing in August 2025, the court admitted Department reports. No party objected.

The mother testified. She maintained she was enrolled in all programs required by the court and denied she was seeing or living with the father.

The mother's counsel argued for the return of her children or more time to reunify. The father's counsel conceded the father had not made much progress in his case plan and asked for continued services. Both parents complained about the social worker.

The Department and the children's counsel argued the mother was not credible and asked the court to terminate reunification services.

The court terminated services but permitted visitation to continue. It set a section 366.26 permanency planning hearing for December 2025. The court outlined its findings and explained the basis for its orders at the hearing. The court determined, among other things, the mother's testimony was not credible, neither parent was in substantial compliance with their case plans, and the issues warranting jurisdiction "remain fully unabated."

Each parent's trial counsel associated with appellate counsel who filed letters pursuant to *Glen C. v. Superior Court* (2000) 78 Cal.App.4th 570. Counsel could identify no potentially meritorious issue for writ relief.

Both parents then filed pro per petitions for extraordinary writ challenging the orders terminating reunification services and setting a section 366.26 hearing.

We concluded the petitions were deficient but permitted the parents to refile rule-compliant petitions.

The parents tried again. We issued an order to show cause and temporarily stayed the permanency planning hearings.

Both the Department and the children opposed the petitions.

We set the case for oral argument. Both parents notified us they would appear for oral argument. Neither one did.

Shortly before the argument date, the father filed a habeas petition. We will address this new filing in a separate document.

II

Writ proceedings under section 366.26, subdivision (l), and the related court rules generally work like an appeal, only faster. (See *Steve J. v. Super. Ct.* (1995) 35 Cal.App.4th 798, 806–807, 811.)

4

The mother's and father's challenges fail because their corrected petitions are defective and do not demonstrate entitlement to relief.

A

Neither petition complies with applicable court rules.

Rule 8.452 governs. It requires an accompanying memorandum that summarizes the significant record facts and provides record citations; states each point under a separate, descriptive heading or subheading; supports each point with authority; and notes "any disputed aspects of the record." (Cal. Rules of Court, rule 8.452(a) & (b).)

The parents' petitions flout these requirements.

Instead of discussing the detailed factual findings made by the juvenile court at the review hearing in August 2025 and the evidence supporting these findings, the parents structure their briefs around the *Department's status review report* and exhibits from two months earlier. Both petitions appear to walk through this report (and a few other documents that are not clearly identified), using page numbers that do not correspond with our 3000-plus-page record and cherry-picking statements with which they disagree. The mother also includes dozens of pages of "Notes."

This approach does not satisfy the governing rule.

The petitions violate other rules as well. For example, the mother's filing is more than 130 pages—much of it single-spaced typed pages—far exceeding the limitations for appellate briefs. (See Cal. Rules of Court, rules 8.400, 8.412(a)(3) & 8.360(b) [applicable brief limits are 25,500 words for computer-produced briefs and 75 pages for typewritten briefs].)

The parents' failure to follow the rules warrants summary denial. (See *Anthony D. v. Super. Ct.* (1998) 63 Cal.App.4th 149, 157–158 [appellate courts are not required to do the petitioner's work and expend judicial resources on a petition that does not meet the threshold requirements]; see also *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1267 [self-represented litigants held to the same restrictive rules of procedure as attorneys].)

B

Apart from their deficient form, both petitions fail to show that the juvenile court erred or that they are entitled to relief.

As in ordinary appeals, the deference we owe the decision on review is fundamental. Both parents ignore this deference and misconstrue our role in reviewing the orders here.

We review orders terminating reunification services for substantial evidence. (*Kevin R. v. Super. Ct.* (2010) 191 Cal.App.4th 676, 688 (*Kevin R.*).)

With this type of review, we presume the evidence is sufficient to support the court's factual findings. The appellant must demonstrate otherwise and, in so doing, must summarize the facts fairly in a light favorable to the judgment. (*Symons Emergency Specialties v. City of Riverside* (2024) 99 Cal.App.5th 583, 598.) Presenting only facts and inferences favorable to one's position forfeits any claim of error. (*Ibid.*; see also Cal. Rules of Court, rule 8.452(b)(1), (3).)

Both the mother and the father have not discharged their burden and have forfeited their challenges to the sufficiency of the evidence through their one-sided presentation of select facts. (See *In re Charmice G.* (1998) 66 Cal.App.4th 659, 663 [petitioner's failure to summarize evidence supporting juvenile

6

court's ruling amounted to waiver of substantial evidence argument].)

The father's forfeiture is even more absolute, as he essentially mounted no defense at the review hearing. Instead, he twice agreed he had not made substantial progress in his case plan and asked for continued services.

Even were we to overlook these failings, we note again the parents' corrected filings challenge the wrong thing: instead of addressing the juvenile court's findings at the review hearing, they repeatedly attack the main social worker and her documentation, as well as the Department more broadly. The mother also challenges findings and rulings from before the review period, and both parents rely on extra-record facts postdating the review hearing.

The parents repeatedly claim the Department's documentation is inaccurate, repetitive, misleading, and false. But they forfeited these challenges by not objecting on these bases below. (See *Kevin R.*, *supra*, 191 Cal.App.4th at p. 686 [noting forfeiture applies in juvenile dependency litigation, it is intended to prevent a party from standing by silently until the end of the proceedings, and "[a] party may not assert theories on appeal which were not raised in the trial court"].)

Resolving doubts in the parents' favor, to the extent their corrected filings can be construed as a challenge to the court's findings that the Department offered the parents reasonable services and that the parents did not make substantial progress in their case plans during the relevant period—issues the mother preserved at the hearing—substantial evidence supports these findings. (See § 366.22, subd. (a)(1) [court "shall consider the efforts or progress, or both, demonstrated by the parent . . . and

the extent to which they availed themselves of services provided"]; *Elijah R. v. Super. Ct.* (1998) 66 Cal.App.4th 965, 969 [standard is whether reunification services offered were reasonable under the circumstances, not whether they were the best that might have been provided].)

The record shows consistent efforts by the Department to engage with the parents, to provide services in their locale, and to assist them in completing their case plans during the review period between January and early August 2025. It shows both parents largely delayed starting services until shortly before the review hearing and created obstacles to monitoring and ensuring their progress. Service providers discussed the parents' minimal participation and/or attendance.

The mother says medical issues impeded her progress in her case plan, but the record shows she worked for DoorDash over the review period and she was unable to supply a doctor note "indicat[ing] restriction or limitations on her ability to participate" in her plan.

The juvenile court was entitled to discredit the mother's testimony regarding case plan obstacles, the classes she had taken, and the skills she had acquired as a result. Record statements by service providers and the mother's family belied her sworn statements about progress in her case plan and her lack of contact with the father. The mother does not acknowledge this contrary information of record. Even her petition refers to the father as "my partner" and defends his actions. Doubting the mother's testimony thus was not error.

## DISPOSITION

We discharge the order to show cause, dissolve the stay imposed by this court, and deny the mother's and father's

8

petitions.  This opinion is final upon filing under Rule 8.490(b)(2)(A).


                                                WILEY, J.


We concur:


        STRATTON, P. J.


        VIRAMONTES, J.

9